## HUNT ET AL. *vs.* SUARES.

### APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where certain articles are sold to the defendant, and the seller agrees to put them up for use, and find the materials to do so, and the articles are destroyed by fire on the premises of the buyer, before they are all put up, they are at his risk, and the loss is his.

This is an action on an account for merchandise sold and delivered by the plaintiffs to the defendant, between the 20th April and 1st of October, 1835, amounting to the sum of five hundred and sixty-five dollars and seventy-five cents, according to an account annexed.

The defendant pleaded a general denial, and that he made a contract with the plaintiffs for putting up certain marble mantle and chimney pieces, the plaintiffs obligating themselves to furnish the necessary materials, and to do the work and labor ; that before any of the chimney pieces were put up and finished, the house in which they were to be put up, was destroyed by fire; and that all of said materials destroyed in said house, were at the risk of the plaintiffs, and had never been delivered to this respondent. He prays to be dismissed with his costs.

The plaintiffs proved that most of the articles charged were delivered to the defendant, and that several of the marble mantle pieces were put up in his house, and that one of them was not quite finished when the premises were

destroyed by fire. There were sixty-four dollars worth of articles charged up to the 25th of July, which were not proved. It was further proved that payment was demanded, and that the defendant offered to pay for the articles which he ordered, but refused to pay for the others. There was no evidence of any contract. No testimony was introduced by the defendant.

The district judge was of opinion, the plaintiffs made out their case, and rendered judgment accordingly. The defendant appealed.

*L. C. Duncan*, for the plaintiffs.

*Roselius*, contra.

*Bullard, J.*, delivered the opinion of the court.

The plaintiffs sue to recover the price of various articles, as detailed in their account, which they allege were sold and delivered to the defendant, the principal articles consisting of marble mantle pieces and hearths.

The answer contains a general denial, and the defendant further avers, that he made a contract with the plaintiffs, for the building and putting up of certain marble mantle and chimney pieces, the plaintiffs obligating themselves to furnish the materials and the work and labor; that before any of the mantle pieces had been put up, the house was destroyed by fire, and that if any of the materials were in the house at the time, they were at the risk of the plaintiffs.

The delivery of most of the articles charged, is proved; but there is no positive evidence of such a contract as is set up by the defendant. He seeks to bring the case under article 2729 of the Civil Code, which provides that "when the undertaker furnishes the materials for the work, if the work be destroyed, in whatever manner it may happen, previous to its being delivered to the owner, the loss shall be sustained by the undertaker, unless the proprietor be in default for not receiving it, though duly notified to do so." It appears to us from the evidence, that the principal contract

EASTERN DIST.
*May*, 1836.

Where certain articles are sold to the defendant, and the seller agrees to put them up for use, and find the materials to do so, and the articles are destroyed by fire on the premises of the buyer, before they are all put up, they are at his risk, and the loss is his.

was one of sale of the mantle pieces ready made, and that the agreement to put them up and furnish materials for that purpose, does not take the contract as to the mantle pieces out of the rule which governs that species of contract, and that as soon as they were delivered, they were at the risk of the purchaser, unless a special agreement to the contrary be shown. There is nothing in the record to show that the plaintiffs understood the contract at the time, as it is now interpreted by the defendant, and the cost of putting up is trifling, compared with the cost of the article.

But there is no proof of the delivery of those articles charged previously to the 25th of July, and in this respect the judgment must be reformed.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be reversed and annulled, and proceeding to render such judgment as in our opinion ought to have been given below, it is further considered, that the plaintiffs recover of the defendant the sum of five hundred and one dollars and seventy-five cents, with costs of the District Court; those of the appeal to be borne by the plaintiffs and appellees.