No. 9098.

### A. DeLambre vs. M. J. Williams.

A party for whom constructions consisting of improvements and appurtenances have been made under contract, who has accepted the work, has expressed his satisfaction therewith, and settled therefor without objection or complaint, is estopped for claiming damages for alleged violations of said contract.

Under a contract for general work, in which the owner makes a direct contract with a carpenter and engineer for these respective specialties, the general contractor cannot be held responsible in damages for the alleged shortcomings of either.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Sherburn*, J.

---

*A. K. Cross* for Plaintiff and Appellant.

*Knox & Laycock* for Defendant and Appellee.

---

The opinion of the Court was delivered by

Poché. J. This suit is for the recovery of damages for alleged violations of a contract, and for certain amounts alleged to have been overpaid by plaintiff on said contract.

In January, 1882, the defendant contracted to construct a steam-train and other sugar-house apparatus on plaintiff's plantation at a stipulated price, evidenced by a written contract.

In addition thereto he sold to plaintiff, for use in the sugar-house, other machinery, all of which had been delivered and erected by the middle of October of that year, and for all of which plaintiff settled by drafts on time and by notes of hand.

He used the machinery and the apparatus for the purpose of taking off his crop of that year, which amounted to about 100 hogsheads of sugar and corresponding molasses.

On the score of damages, his complaint is that the defendant violated his contract in using inferior material, principally in the matter of connecting, charging, and discharging pipes, adapted to the clarifiers and evaporators, forming part of the steam-train, in consequence of which he lost sugar by leakage of juice and syrup. He next charges defect in the steam generating apparatus, in consequence of which he lost time and fuel, and he finally charges, that owing to unskillful turning and defective setting of the rollers of his mill, the cane was not sufficiently mashed, in consequence of which he lost a great quantity of saccharine matter.

He fixes all such damages at the aggregate sum of two thousand dollars.

The defendant admits the contract, but disclaims any responsibility for alleged deficiencies in the engineer's work, and in the carpenter's work, on the ground that plaintiff had made a separate and distinct contract with same, for work not necessarily connected with the steam-train. He also pleaded the general denial and estoppel.

Plaintiff has taken this appeal from a judgment rejecting his entire claim.

Our examination of the record has brought us to the conclusion that defendant is not responsible for alleged defects in the engineer's and in the carpenter's works. The stipulation fixing the value of those two elements in the construction, is contained, it is true, in the written contract, but from the tenor of the stipulation itself, and from other evidence, it appears clearly to our minds that they formed no part of defendant's contract, and that these two details were thus inserted at plaintiff's request, and for the purpose of showing by one paper, to his merchants, the entire costs of the whole enterprise. Hence we conclude that, although the defendant had the general supervision of the whole construction, including the work of the engineer and of the

carpenter, he cannot be held responsible for deficiencies in their labor *or acts*, not more than he could have been held responsible to either for his stipulated compensation under the contract.

These views eliminate from the cause the discussion of all damages alleged to have been caused by the defects in wooden troughs, in the cane and bagasse carrier, in the rollers and in the steam generating apparatus.

In answer to the alleged defects in the steam-train proper, the defendant urges that after using the same and manufacturing therewith some hundred hogsheads of sugar, after expressing himself as satisfied with the job, and after settling in full for the price thereof, plaintiff is estopped from claiming damages for alleged violations of the contract which he had heretofore treated as satisfactorily executed, We find in the record full proof, in the shape of verbal statements by plaintiff, of letters and other evidence, documentary and otherwise, in support of that plea.

The record shows to our entire satisfaction that all the charges which were made in the work, all defects in the job had been fully considered by plaintiff, and satisfactorily accounted for and explained in his mind, and that he had knowingly and unequivocally accepted the work and had settled for the same advisedly, and without any error or concealment on the part of the defendant. Hence his lips must be sealed from the utterance of any complaint.

His counsel relies on the decision in the case of Levy vs. Schwartz &.Bro., 34 A. 211, which he holds as precisely similar in its facts with the present case.

But in that assertion he is mistaken. In that case the construction was not accepted and used without objection, and the plaintiff was not shown, as in this case, to have expressed his satisfaction with the work. We adhere to the principle therein announced, that payment of the price will not by itself be conclusive proof of a waiver of damages. But we do hold here, as we did there, that such a settlement must be considered as one of the links in the chain of evidence which demonstrates that by his acts in the premises, this plaintiff has effectually waived all claims to damages.

On the score of errors in his settlement, plaintiff charges that defendant interpolated in one of his drafts a stipulation for interest from demand, and he claims the return of interests thus unlawfully collected. But the record shows that he was informed of the addition made to his draft, and that he approved of the same. He charges error in a debit

of fifteen dollars which should have been set to his credit on the account. But it appears that he was allowed credit for thirty dollars on a note of his held by defendant. He complains that he was charged twenty-eight dollars and twenty-four cents for a strike-tank which figured in the contract of the value of eighteen dollars. But the record shows that at his own request, the tank furnished was larger in dimensions, and, therefore, more costly. He charges several other minor errors, but his complaint is met by satisfactory explanations and by full proof of the correctness of each item alleged to be erroneous.

We have failed to find any error, to his prejudice, either in his settlement with the defendant or in the conclusions of the district judge.

Judgment affirmed.