**No. 2672**

**Second Circuit**

——

**DELANEY v. MORTER**

——

(July 1, 1929. Opinion and Decree.)

——

Wilkinson, Lewis & Wilkinson, of Shreveport, attorneys for plaintiff, appellee.

Crow & Long, of Shreveport, attorneys for defendant, appellant.

ODOM, J. Plaintiff employed defendant to lay a concrete sidewalk in front of his residence on Kings Highway in the city of Shreveport. The contract was verbal, but it was agreed that defendant should do the work in workmanlike manner and put down first-class concrete, at 20 cents per square foot. The work was done by defendant, and, when finished, was paid for by plaintiff. Some three or four months after the work was completed, the concrete began to crack, the slabs to break in two, and in fact to fall to pieces. The testimony of Mr. Marks, engaged in the concrete business, and of Mr. Weiner, an architect, shows that the concrete is worthless and that the walk cannot be repaired. Mr. Weiner testified that the materials of which the sidewalk was constructed were not properly mixed. He examined the walk a day or two previous to the trial and brought up and exhibited to the court a piece of it which could be broken with the hand. Also photographs were exhibited, showing that in places grass was growing up through the crevices—in fact, all of the testimony, including that of defendant himself, shows that the work was not a first-class job and that the sidewalk is worthless.

Plaintiff notified defendant of these defects and asked him to repair the walk or refund the price which he had been paid. Defendant having failed to do either, plaintiff brought this suit against him demanding that he repair or rebuild the sidewalk, and, in the event he failed to do so, that he have judgment against him for the amount which he had paid him.

The defense is that the sidewalk was inspected and accepted by plaintiff and the price paid, and that plaintiff is estopped.

It is true that, as a matter of law, if one inspect and approve work done and pay the price, he cannot subsequently recover the amount on the ground that the work was not done according to specifications. But that rule applies only in cases where the owner has ample opportunity to discover the defects in the work previous to the approval and payment. The rule does not apply in cases like this, where the owner has no knowledge of the construction

312

of sidewalks or of the mixing and laying of concrete, and where the defects cannot be discovered on bare inspection. The testimony shows that the defects in a concrete walk do not appear until the concrete has "set," which ordinarily takes some time. When the work in this case was done, it appeared to be up to standard. Defendant immediately asked for a settlement, and was asked by plaintiff if he had done a first-class job, and he replied that, if he had not, he would make it good.

On the question of estoppel, counsel for defendant has cited the case of De Lambre vs. Williams, 36 La. Ann. 330, and that of Blodgett Construction Co. vs. Cheney Lumber Co., Ltd., 129 La. 1057, 57 So. 369.

Neither of these cases supports defendant's contention. In the 36 La. Ann. case, the owner accepted the work after having ample opportunity to discover the defects of which he afterwards complained; said defects being such as could easily be detected by casual inspection.

In the Blodgett Construction Co. case, the owner refused to pay the price of building a wall on the ground that it was built perpendicular and not on an angle, as he claimed it should have been. The testimony showed that both kinds are in use and the owner stood by and saw the contractor build a perpendicular dam or wall without objection or complaint, and the court held that having done so he was bound to pay the price. The testimony in that case showed that the destruction of the wall was due to the nature of the soil where it was located, and the court held that, inasmuch as the site was selected by both the owner and the contractor, the former could not hold the latter responsible for the selection of the site.

In the case at bar, the lower court held

that, inasmuch as the sidewalk was worthless, defendant should return the price which he received for constructing it.

We think the judgment is correct, and it is accordingly affirmed, with costs in both courts.