McBride, judge.
On November 19, 1947, plaintiff and defendants. entered into a written contract (which, incidentally,' is not contained, in the transcript). whereby defendants under-, took to do certain painting and wallpapering work in the four-room house of plaintiff located at 230 Hickory Street, Harahan, Jefferson Parish, for the price of $354.00. Upon completion of the work, plaintiff paid defendants the sum of $334.00, which defendants accepted in full and final payment' of the contract price, Alleging that the job was done in an unworkmanlike manner, and that the work is worthless to him,plaintiff sued defendants for the return of the $334.00 paid, and recovered judgment for said amount in the court below, from which judgment defendants have taken this appeal.
. In their answer to the suit, defendants deni.ed that the work was defective, and in the alternative interposed the plea that plaintiff is estopped from claiming the return of the amount paid, because plaintiff accepted the work after inspecting it and thereupon made payment to defendants.
When the case was called for. argument before us, no appearances were made by counsel, nor were- we favored with briefs. . Under Rule VII of ou:r„.rules, we could have; s.ua sponte, affirmed the judg-; ment because of the failure of appellants’ counsel to appear or file brief; however, we have concluded to examine the record, and to pass upon the merits of the cáse.
The evidence entirely supports plaintiff’s claim. About two or three weeks after it had been applied, the paper on the walls and ceilings began splitting throughout the house, and the paint began peeling from the woodwork, apparently because the defendants failed to prepare the woodwork before painting by scraping off the old paint, as they undertook to do in their contract. ’
In regard to the plea of estoppel, as a matter of law, one who pays the price after inspecting and approving the work-done cannpt thereafter recover a return of the price on the ground, that the work was improperly done. That, rule is to be applied, however, in cases where the owner has full and ample opportunity to discover whatever' may be defective in the work before approval and payment, and not in cases, such as the instant one, where. the defects are latent, or developed and became manifest only after a lapse of time. Delaney v. Morter, 11 La.App. 310, 123 So. 517.
The trial judge readily concluded that the 'work was of no benefit to plaintiff and was absolutely worthless, and rendered judgment in plaintiff’s favor for the amount paid the contractors, in which judgment we find no error.'
*105 Subsequent to the submission of the case 'to us, we were furnished with a certificate from the Clerk of the United States District Court for the Eastern District of Louisiana, setting forth that, in voluntary-proceedings in that court, R. A. Rowan, one of the defendants, had been adjudicated a bankrupt, and that plaintiff’s claim against the defendants duly appeared in Schedule A-l filed by the bankrupt. The certificate makes no mention of a discharge in bankruptcy having been granted, and we take it that the proceedings are still pending. The fact of the pendency of such proceedings in the United States District Court does ’ not have the effect of oüsting this court of jurisdiction of the instant case, in the absence of an order of the bankruptcy court restraining the prosecution of suits against the bankrupt, as authorized by Bankruptcy Act July 1, 1898, c. 541, sec. 11, 11 U.S.C.A. § 29.
The judgment is affirmed.
Affirmed.