REGAN, Judge.
Plaintiff, Stanley J. Kozlowski, as owner, instituted this suit against the -defendants, Harry S. Fowler, contractor, and his insurer, American Employers Insurance Company, endeavoring tó: recover the sum of $975, together with attorney’s fees, as damages for the breach of a written building contract entered into on August 10, 1951, by the aforementioned parties.
The defendants pleaded the exceptions of no cause or right of action, which' were overruled, and then answered and denied that the residence had been constructed in an unworkmanlike'' manner, pleading especially that the plaintiff, by his formal acceptance of the residence was, in effect, estopped from, questioning the quality of the work incorporated therein.
From a judgment in the court below in favor of the plaintiff in the sum of $770, plus $200 attorney’s fees, the defendants prosecute this appeal. Plaintiff has answered the appeal requesting that the judgment be increased to the original amount prayed for, together with attorney’s fees in the sum of $447.50.
*248 Plaintiff relates that on August 10, 1951, a written building contract was entered into between himself, as owner, the defendant Fowler, as contractor, and 'the American Employers Insurance Company, as surety thereon; the contractor undertook and agreed to erect and finish “in a perfect workmanlike manner” a single dwelling in 623 Central Avenue,. Parish of Jefferson for the sum of $14,897 in accordance with the specifications of the Federal Housing Administration; he has paid to the contractor the full price therefor; on or about January 18, 1952, he was induced to accept the residence with the contractor’s assurance that it was constructed in accordance with the contract, plans and specifications, and was also advised by Ward of the F.H.A. to sign the formal acceptance thereof; it subsequently developed, on January 27, 1952, or nine days after plaintiff moved therein, that the representations were false and untrue, in that:
“(1) Exterior and interior doors throughout the building heeded adjustment- in order to close 'properly.
“(2) Water standing on driveway apron to the extent of a depth of % inch after a rain. Also the front walk from the street to the house had a low place at the front steps leaving water standing to the extent of % inch after a rain.
“(3) Gutters around house improperly sloped for drain so that water remains and stands therein to a depth of 3 inches after rain.
“(4) Flashing at the gable over the dining room improperly installed not ' having been placed under the siding at the point near the gutter.
.“(5)' Driveway-strips improperly graded and below grade to the extent of between % inch and % inch from a point approximately even with the front of house to rear of house.
■“(6) Front porch improperly paved and graded so that water stands in an area approximately four ' feet square in the center of porch near-the house wall.”
Plaintiff, in substantiation of the foregoing, related that after a heavy rainfall on January 27, 1952, he discovered water standing on the front porch, in the driveway and in the gutters attached to the house. He then requested an examination of the dwelling by the F.FI.A.; in compliance therewith Archie Holmes, Chief Architect for the New Orleans Office thereof inspected the residence on March 28, 1952, found the existence of these deficiencies and reported them to the Director of the F.H.A., Lawrence Dumestre, who, in turn, verified their existence and called upon the contractor to remedy them. In order to ascertain the cost of correcting these defects plaintiff has secured the following estimates:
“To adjust doors and doorlock $75.00
To repair paving to front of steps and porch 310.00
To repair paving to walk, driveway strips and garage apron 460.00
To reset gutters and pipes to drain properly and install flashing on eave on side wall of gable 130.00
$975.00”
Plaintiff, in view of the foregoing, insists that he is entitled to recover the sum of $97.50 from the American Employers Insurance Company as statutory attorney’s fees in conformity with the provisions of LSA-R.S. 9:3902 and that, in addition thereto, he is also entitled to recover from the defendants herein, in solido, by virtue of a stipulation contained in the building contract, a reasonable attorney’s fee, which he believes to be $350.
While defendants do not concede the presence of the defects, the record conclusively reveals that they did exist and, therefore, defendants assume the position that they are apparent and, as such, were waived' by the formal acceptance of *249 the residence by plaintiff on January 18, 1952.
Plaintiff, on the other hand, contends that he entered into a contract for the construction and completion of a dwelling1 “in a perfect workmanlike manner” and that, therefore, by virtue of the provisions of Article 2769 of the LSA-Civil Code, he is entitled to recover for the breach of the contract. This article reads:
“If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract.”
In the lower court the deficiencies were not seriously questioned or, in any event, they were found to exist as a matter of fact from the testimony of a disinterested contractual expert, O. F. Harang; however, that court believing that the defective doors, guttering and flashing were apparent to the plaintiff1 when he accepted the building, it refused -recovery therefor, but permitted plaintiff to recover damages for the latent condition of the paving.
Our careful analysis of the record causes us to conclude that all of the defects .in construction do exist and the cost necessary to effect their repair is reasonable. However, counsel for plaintiff conceded, in oral argument, that his client is not entitled to recover the sum of $75, which is the cost of repairing the doors for the reason' that the plaintiff was, in a measure, responsible for the existing condition thereof, in that he insisted during - the course of the work that these doors be made airtight prior to painting. The result was that after they were painted the •doors required adjustment.
The record fully supports this concession and, therefore, we shall not discuss it further.
The plaintiff occupied this residence only mine days after formal acceptance thereof before discovering the defects therein. The record is devoid of evidence indicating that he had knowledge of the defects and after possession thereof voluntarily waived his rights.
There are four distinct deficiencies complained of, the first of which involved the doors which we have eliminated from our consideration, for the reasons set, forth hereinabove.
The second, is the improper slope or fall of- the gutters and the defective installation of the flashing. The lower court disallowed this claim, believing that it could have ■ been easily observed by mounting a ladder and inspecting the roof of the house. We are of the opinion that the lower court erred in this respect. . The task of mounting a ladder and thereafter inspecting the roof and gutters in order to discover the existence of defective construction 1 is an unreasonable burden to place upon the owner, therefore, we conclude that he possessed no knowledge thereof.
The third deficiency relates to improper' grading of the driveway strips. This condition was not apparent to any of the experts including'Holmes, Chief : Architect for the New Orleans Office1 of the F1H.A. until1 water was flooded theréon. There is not a scintilla of evidence in1 the record1 which reflects that plaintiff' knew or should have known, much less relin-guished1 or waived his right to claim reimbursement for this defect.
The fourth is the defective grading and paving of the porch, which caused water to remain therein in an area approximately four feet square. This defect was caused by failing to secure the proper' grade or fall of the porch, and was not detected until after a heavy rainfall. It was not apparent, and, therefore, it was not waived.
In Michel v. Efferson, 1953, 223 La. 136, 65 So.2d 115, 119, the Supreme Court, in passing upon a somewhat analagous situation, observed:
*250 “The defense of waiver is a special one and the burden of proof is on the defendants to show that the plaintiff had knowledge of the defects in construction and that she intentionally-waived same.
“The courts of this state have held that an owner is not ‘ estopped from claiming damages for the breach of a building contract by taking possession and moving into the building. The failure of the contractor to construct the building in accordance with the plans and specifications was a violation of the contract and the taking of possession of the premises by the plaintiff can not be considered as a discharge of the defendants’1 - liability.
* * * i *■ . * *
“Waiver involves both knowledge and intention and it follows that ignorance of a material fact negatives waiver. Waiver can result only from the intentional relinquishment of a known right.”
Defendants have maintained, both in brief and in oral argument that all defective paving could be effectually remedied by “topping”, that is, by roughening the surface of the old pavement and then placing thereupon a new layer of concrete. In employing this method of correcting the defective paving the concrete must necessarily. taper off at the edges of the driveway where it will break and chip. Moreover, to “top” the porch with concrete would raise it above the floor level of the living room and ultimately cause any rainfall to enter the dwelling. We believe this to be an inadequate substitute for a “perfect workmanlike” residence.
Counsel for plaintiff contends that he is entitled to recover the sum of $97.50 from the American Employers Insurance Company as statutory attorney’s fees in conformity with the provisions of LSA-R.S. 9:3902. It is true that he would be entitled to recover 10% attorney’s fees under the provisions of this statute if “the full amount claimed in the demand is. recovered.” We have not allowed him to recover the full amount of his demand, therefore, he is not entitled to this fee.
The contract between the parties reads in part: “ * * * completing of various works, together with all costs, charges or attorney’s fees incident to the completion or enforcement of this contract shall be a charge and lien against said Contractor and his surety, * * Plaintiff, - in instituting this suit, sought the completion of the contract and, therefore, he is entitled to a reasonable attorney’s fee. The lower court awarded a fee of $200. This amount 'was adequate for a trial below. However, he has successfully prosecuted this- case on appeal, prepared and written a brief and orally argued the case in connection therewith. We are of the opinion that the attorney’s fee should, accordingly, be increased to the sum of $300.
. For the reasons assigned the judgment appealed from is amended by increasing the amount thereof from $770, together with a $200 attorney’s fee to $900 plus a $300 attorney’s fee, and as thus amended it is affirmed.
Amended and affirmed.