McBRIDE, Judge.
By written contract dated May 15, 1951, defendant, for the price of $550 undertook to paint both the exterior and interior of plaintiff’s property, 2743 Bay Street, inclusive of taping, roller texturing and sealing all cracks inside the premises. Defendant completed the job in about two weeks. The Third District Homestead Association, which financed the construction of the building for plaintiff, paid the contract price to defendant by giving him its two *237 checks, one on Juné 14, 1951, for $200 and the other for $350 on July 9, 1951. '
On January 28, 1953, about eighteen months afterward, plaintiff instituted this suit. He alleges that in certain enumerated particulars the work performed by defendant on the inside of the premises had been done in a careless, negligent and unwork-manlike manner and that the cost of making the necessary corrections will amount to $250. He subsequently filed an amended petition which sets forth that the corrective work will entail an expenditure of $464 for which he prays judgment. Plaintiff’s chief complaint is that the seams between the sheet rock on the walls and on the ceilings are exposed because they had been improperly sealed. The defense is that none of the work was defective. The answer specifically sets forth that plaintiff paid defendant for the work without ever having made a complaint and that the first knowledge defendant had of any dissatisfaction on plaintiff’s part was when he was served with the citation. The matter was heard on its merits below after which the trial judge visited the premises in question and made a visual inspection thereof, and ultimately judgment was rendered in plaintiff’s favor for $50. Plaintiff has. appealed from the judgment and defendant has am-swered the appeal praying that the judgment be reversed and plaintiff’s suit be dismissed.
Lemoine, a contractor, testified that at plaintiff’s request he inspected the interior of the premises and found that there were exposed spots and that the joints had not been floated and were completely unfinished. He submitted a written bid to plaintiff for $464 for reworking the interior proposing to sand the joints, refloat, retexture and repaint the whole interior and sand the roughness on the natural finish of the doors and frames and revarnish them. Le-moine’s bid bears no date, but it clearly appears from his testimony that his inspection and the subsequent bid were made in 1954 or about three years after the completion of the contract for the painting.
Shafer, the building inspector for the homestead association, testified that expansion or contraction of the building or dampness could cause exposed seams. Shafer stated that during the progress of the work he visited the job on his regular tours of-inspection and was satisfied with the manner in which defendant was performing the work. After the job.was completed he, in company with plaintiff, made a final inspection and they were both satisfied with what defendant had done. In due course the homestead association paid defendant the contract price in the two installments above mentioned.
It was'also shown at the trial that about a month after the paint.job on.the Bay Street property plaintiff engaged defendant to do- some painting work on a building on Sage Street which plaintiff had purchased.
Under these circumstances we do not see how plaintiff is entitled to an increase in the amount of the judgment: The work could not have been as defective as plaintiff claims else Shafer, an experienced building expert, wotild not have approved it on behalf of the Third District Homestead Association, nor do we think plaintiff would have employed defendant to do the other job. The plaintiff himself was present almost daily as the work progressed and he admits there was no reason for him to complain óf its quality. He made the further admission that when defendant left the job he, without reservation, expressed his satisfaction with the work to Shafer. Now he seeks to excuse his conduct by saying that he lacks experience and knows little or nothing of construction work.
It is settled that a party for whom construction work has been performed under contract, who has accepted the work, has expressed his satisfaction therewith, and has settled therefor without objection or complaint, is estopped from claiming damages for alleged violations of the1 contract. Mouton v. Droz, 16 La. 111; De Lambre v. Williams, 36 La.Ann. 330; Shakspeare v. Ware, 38 La.Ann. 570; Templeman Bros. Lumber Co. v. Fairbanks, Morse & Co., 129 La. 983, 57 So. 309; A. M. Blodgett Const. Co. v. Cheney Lumber Co., 129 La. 1057, 57 So. 369; *238 Concrete Construction & Contracting Co. v. Levis, 7 Orleans App. 397.
The plaintiff sought to show that he had registered. timely objections with defendant and that defendant acknowledged that his work was defective by writing in his own hand the following notation into the body of the original contract:
“August 28, 1951
In accordance with the above contract I, the undersigned, agree to redo and smooth all seams showing in sheet rock.
E. W. Hume”
Defendant explains that notation by stating that when he received the final check for $350 from the homestead association on July 9, 1951, he cashed the check and made a loan of the proceeds to plaintiff who gave him his I O U for said amount. Defendant stated further that at the time the notation was written he badly needed the money plaintiff owed him in order to pay for the paint he had used on the job and to settle with his partner for his share of the profits. He went on to say that plaintiff threatened to withhold payment of the loan unless he wrote the notation on the contract and that in order to collect his money from pláintiff he complied with plaintiff’s demand. Plaintiff denies none of this.
The statement of the defendant that coercion on the part of plaintiff led him to insert the above notation in the contract was never denied by Welsh, the plaintiff, and under these circumstances and in view of the fact that there was in reality no defective work to be redone, we do not think that plaintiff can enforce the so-called agreement made by defendant to do the painting job again.
Now as to the judgment for $50. This judgment cannot be sustained because first, the evidence clearly shows that plaintiff is entitled to no recovery, and in the second place the only evidence produced going to show the amount it will take to correct the alleged defective work was the one bid for $464 in globo submitted by Le-moine, and we cannot understand how the trial judge could have arrived at the amount of $50.
For the reasons assigned, the judgment appealed from is reversed. It is now ordered that plaintiff’s suit be dismissed at his cost.
Reversed.