AYRES, Judge.
Plaintiff, who operates a service department in connection with the sale of tractors and other farm equipment, instituted this action against the defendant to recover $283.07 allegedly due for repairs to a farm tractor theretofore sold by plaintiff to defendant. Defendant avers that on May 9, 1953, he employed plaintiff to install in his tractor a complete rear end assembly, for which he paid $89.60; that said repairs were not done in a workmanlike manner, but were so defective or so improperly done that said tractor would not operate successfully notwithstanding three other unsuccessful attempts were made to install a rear end assembly, on account of which defendant was forced to trade said tractor for another in order to carry on his farming operations. It was, therefore, contended said account represented primarily charges for the three subsequent unsuccessful attempts to install a rear end assembly, and for that reason there was a failure and/or want of consideration for defendant’s obligation to pay for said repairs. Defendant, however, admitted that $64.76 of the account was for items having no connection with the rear end assembly and that he was indebted unto plaintiff for said sum, which he tendered along with the accrued costs.
The trial court concluded from the evidence that the defect in the tractor was due to a defective rear end assembly, which plaintiff was employed to repair, but which it never did, and that, therefore, there was a want and/or failure of consideration to that extent. The court, accordingly, gave judgment for the amount admitted to be due by defendant and tendered by him, together with the further sum of $27.95, consisting also of items of the account not connected with the principal repairs, or for an amount erroneously calculated at $93.71 instead of $92.71.
From the judgment thus rendered and signed, plaintiff appealed and defendant has answered the appeal praying that he be given credit on whatever judgment that may be rendered against him for the sum of $89.60 paid for the initial repair of the rear end assembly and which, as afore-' said, he contends was defective, and that plaintiff be cast for all costs accruing subsequent to the tender made by him.
The issues are primarily factual and no useful purpose could be served by a detailed discussion of the evidence in connection with the repair of defendant’s tractor. The great weight of the evidence is that, due to either defective parts or improper and imperfect installation, or both, the rear end assembly was never properly and correctly installed and that the defective condition of the tractor was due to and continued because of such defects.
It is elementary that an obligation without a cause or with a false or unlawful cause can have no effect and that such obligation must be supported by consideration, without which there is no valid obligation or contract. LSA-C.C. art. 1893. In Delaney v. Morter, 11 La.App. 310, 123 So. 517, the facts were that plaintiff employed defendant to lay a concrete sidewalk in front of his residence, and although the contract was verbal, it was agreed that defendant would do the work in a workmanlike manner and put down first-class concrete. The work was completed and ■ defendant was paid by plaintiff. Three or four months thereafter the concrete began to crack and break into slabs and, in fact, to fall to pieces. It was established that the defect was caused because the materials were not properly mixed and that the sidewalk was worthless and could not be repaired. It was held that, therefore, the defendant should return the price which he received for constructing it.
This is not inconsistent with the contractor’s liability for non-compliance with a contract under LSA-C.C. art. 2769, *678 which provides that if an undertaker fails to do the work he has contracted to do or if he does not execute it in a manner agreed upon, he shall be liable in damages for the losses resulting from his noncompliance with his contract. We, therefore, conclude that plaintiff is not entitled to recover for the defective and improperly installed rear end assembly on defendant’s tractor.
The evidence establishes, however, that, in addition to the amount of $64.76 admitted to be due plaintiff and tendered by defendant, there was an additional invoice of $27.95 for which defendant owes plaintiff, the total of which is $92.71. We think, however, the defendant should receive credit for the payment made on the original rear end assembly repairs of $89.60, which would leave a balance due and owing plaintiff of $3.11, to which sum the judgment appealed should be reduced. We think, however, that under the doctrine of “de minimis non curat lex”, the costs, including the cost of the appeal, should be borne by the appellant. Burns v. De Bakey, La.App., 186 So. 374, 377; Buettner v. Polar Bar Ice Cream Co., Inc., La.App., 17 So.2d 486.
Accordingly, the judgment appealed is amended by reducing the award in plaintiff’s favor to $3.11 and by assessing all costs of court, including cost of this appeal, against plaintiff-appellant, and it is so ordered.
Amended and affirmed.