LABORDE, Judge.
This defamation proceeding was filed by Charles E. Bonnett, attorney-at-law, and his secretary, Roseanna Landry Usie, to recover damages from defendants, Robert Theriot, Anna Lee Hulin Theriot, and Mabel Landry Hulin. After trial on the merits, Anna Lee Hulin Theriot was adjudged liable to Bonnett alone in the amount of $2,500.00. The suit against the other two defendants was dismissed with prejudice. Plaintiff, Roseanna Landry Usie, and defendant, Anna Lee Hulin Theriot, both appeal the judgment which we affirm.
The district judge, in his “Reasons for Judgment,” succinctly summarized the facts of this case. He also articulated the controlling rule for defamation suits. See Cangelosi v. Schwegmann Brothers Giant Super Markets, 390 So.2d 196 (La.1980).
The district court’s holding is amply supported by the record. We find no error in the judgment,[1] and affirm accordingly.
For the above and foregoing reasons, the judgment of the district court is affirmed. Costs of these proceedings on appeal are taxed one half to plaintiff, Roseanna Landry Usie, and one half to defendant, Anna Lee Hulin Theriot.
AFFIRMED.
APPENDIX I
CHARLES E. BONNETT
VERSUS
ROBERT THERIOT, ET AL
NUMBER 38,100-F
16TH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN
STATE OF LOUISIANA
REASONS FOR JUDGMENT
This is a defamation suit. Plaintiffs (Charles E. Bonnett’s) petition was filed in *704 proper person on September 8, 1983 alleging two separate defamations of plaintiff by two defendants. The first of these events allegedly occurred August 4, 1983 when defendant, Anna Lee Hulin Theriot, allegedly broadcast words to the effect that plaintiff was a drunk. The second is alleged to have occurred on April 17, 1983 when defendant, Robert Theriot, is alleged to have said that plaintiff was incompetent, was bilking one of his clients, was a drunk, and that his legal secretary was his mistress. Plaintiff filed this suit in forma pauperis. Defendants answered in the nature of a general denial on January 10, 1984. On December 2, 1983 a judgment was rendered on a rule requiring plaintiff to furnish bond for costs in the amount of $500.00 within fifteen days. On August 9, 1984, plaintiff moved to add Roseanna Landry Usie as an “indispensable, additional party plaintiff.” An ex parte order adding the additional plaintiff was executed August 10, 1984. Thereafter, on December 11, 1984, plaintiffs amended the original petition to add Mrs. Usie as a party plaintiff and amended the requisite paragraphs of the petition to allege damages to her arising out of the allegations. Defendants generally denied the supplemental and amending petition on December 18, 1984. The matter was tried on January 3, 1985.
The law, with respect to defamation suits, is succinctly stated most recently in the case of Jenkins v. Ouachita Parish School Board, 459 So.2d 143 (La.App.2d Cir.1984) with the following language:
“To maintain an action in defamation, the following elements must be shown: (1) defamatory words; (2) publication (communication to someone other than the person defamed); (3) falsity; (4) malice, actual or implied; and (5) resulting injury. Cangelosi v. Schwegmann Bros, Etc., 390 So.2d 196 (La.1980); Carter v. Catfish Cabin, 316 So.2d 517 (La.App.2d Cir.1975).”
As the Court indicated at the trial, absolutely no evidence whatever was presented regarding any defamatory remarks having been made by Mrs. Mabel Landry Hulin. She was present during the alleged incident between Robert Theriot and Mr. and Mrs. Laneaux. Plaintiffs argue that she, having been present at the remarks, assented thereto by her actions. Even if this were the case and had been proved, it is insufficient in this Court’s view to constitute defamation on her part. Plaintiffs’ suit against Mabel Landry Hulin will therefore be dismissed, with prejudice and at plaintiffs’ cost.
It would be best to discuss each of the instances separately. The April 17, 1983 incident took place at the home of Floyd and Linda Landry Laneaux in Breaux Bridge when they were visited by defendants, Robert Theriot, Anna Lee Hulin Ther-iot, and Mabel Landry Hulin. The alleged defamatory remarks, according to the witnesses Floyd Laneaux and Linda Landry Laneaux, were made while these five persons were seated at the kitchen table in the Laneaux trailer. Floyd Laneaux’s testimony of the events on that occasion as reflected in the Court’s trial notes was as follows: “You (plaintiff, Charles Bonnett) are trying to pick up everything he (George Landry) owned.” The witness, however, stated that he did not know what Robert Theriot was talking about at that time. The second statement as testified to by Mr. Laneaux was: “You (Charles Bonnett) and George (Landry) stay drunk all the time.” And the third statement as quoted by the witness was: “Chuck (Charles Bonnett) had Roseanna as his mistress.”
The witness had extreme difficulty with the date on which the statements were made and on cross-examination testified that he had been drinking on that day and that at that time of his life, he drank every day. He did not recall how much he had had to drink on that occasion. The witness testified that he could not read and write. His wife, Linda Landry Laneaux, then testified and the Court’s trial notes reveal that her exact words at the trial with regard to the remarks made by Robert Theriot in the trailer were: “If George (Landry) didn’t watch Chuck, he would take everything George had and Chuck stays drunk most of *705 the time. He said Chuck had Roseanna as his mistress”. She testified further that in spite of the statements made by Robert Theriot, her opinion of plaintiff Bonnett had not changed and that she still trusted him and had subsequently hired him to handle another legal matter for her. She further stated that she does not like Mr. Theriot and would like to see Mr. Bonnett succeed in the instant case and that she was a bit shocked by Theriot’s statement relative to Roseanna being Mr. Bonnett’s mistress but felt that the worse thing Ther-iot said was about “stealing George’s property.”
The next witness relative to the April 17, 1983 incident was Charlene Indest, who testified that some two years prior to trial, Harry Hulin, Defendant Mabel Landry Hu-lin’s son, told her in effect that: “George Landry was crazy and you (plaintiff Bon-nett) and Roseanna had something going on”. She testified that Mr. Hulin made these statements as if he were “passing on gossip.” She indicated that she was a good friend of the Landry family. Harry Hulin vehemently denied ever having made the statements above quoted to Mr. Indest but indicated that he had had a conversation with her about the law suits within the Landry family and had agreed with Mrs. Indest when she said: “It’s a shame George and my mother are fighting so much.” He denied having discussed any relationship between George Landry and plaintiff Bonnett or any relationship between Bonnett and Roseanna Usie other than that she was plaintiff Bonnett’s secretary. Plaintiffs argue that Hulin’s statement was a “republication” of the initial defamation. It is significant that plaintiffs themselves called Mr. Hulin. With his categorical denial of the statements attributed to him we are faced with a “Mexican stand off.” In the arena of the courtroom, defendants win all ties since plaintiffs must preponderate.
The three defendants, Anna Lee Theriot, Robert Theriot, and Mabel Hulin, each specifically and categorically denied that Mr. Theriot made the statements recalled by the "witnesses, Floyd and Linda Laneaux.
We are therefore faced with a situation where, of the five persons present at the time of the alleged defamation, three deny the statements entirely and one, Mr. La-neaux, admits that he had been drinking heavily at the time. The Court also finds significant the fact that some five months elapsed between the time of the alleged defamatory remarks and any attempt by the Laneauxs to reduce to writing or put into precise language the words supposedly used by Robert Theriot on April 17, 1983. This phase of the case and the entirety of plaintiff Roseanna Usie’s case hinges on the precise language used by Robert Theri-ot at the time. Suffice it to say that plaintiffs’ evidence has not preponderated that the exact defamatory words alleged to have been uttered were indeed declared by Robert Theriot. Plaintiffs’ suit against Robert Theriot will therefore be dismissed at plaintiffs’ cost.
An entirely different situation is presented with regard to the incident of August 4, 1983. The evidence clearly preponderates that Mrs. Theriot used defamatory words to the effect that plaintiff, Charles E. Bon-nett, was a drunk. This was communicated to a number of bystanders. There was no evidence of the truth of the statement and malice can therefore be implied. Plaintiff sustained injury as a result thereof. Only the fifth of the five elements gives the Court concern at this point. That deals with the quantum of damages sustained by Mr. Bonnett as a result of the statement of Mrs. Theriot.
Mrs. Theriot herself admitted that she alluded to plaintiff being drunk although she states that this was done as a result of anger. We need cite no authority for the proposition that petulance cannot justify defamation.
The record is devoid of any special damages or actual pecuniary loss by the plaintiff. It should be noted that plaintiff did not take the stand and made no effort to establish such losses. He produced no evidence to show that his professional reputa *706 tion had been injured or that he had suffered any particular monetary losses.
In Berthelot v. Imes, 459 So.2d 1384 (La.App. 1st Cir.1984), the Court set out guidelines for assessing damages in cases such as this with the following language:
“[7] Under LSA-C.C. art. 1934(3), the quantum of damages for offense and quasi-offenses are within the discretion of the trial court. Where a legal right to recovery exists, but the damages cannot be exactly estimated, the trial court has reasonable discretion to assess such damages based on the facts and circumstances of the case. Nat. Roofing & Siding v. Gulf Coast Oil Co., 422 So.2d 204 (La.App. 4th Cir.1982).”
A similar situation was presented in the case of Freeman v. Cooper, 390 So.2d 1355 (La.App. 4th Cir.1980) wherein defamatory statements were made in a legal memorandum. The Court found that an award of $1,500.00 as compensation for the mental suffering and injured feelings of the plaintiff was adequate. As pointed out in plaintiff's brief, however, these libellous statements were broadcast to a relatively small group, i.e., court personnel dealing with the record involved in the case and the opposing parties. We feel that plaintiff does stand in a different position in that here the defamatory words were given wider attention. The Court feels that an award of $2,500.00 would do justice to the parties under the circumstances.
Judgment in favor of plaintiff, Charles E. Bonnett, and against defendant, Anna Lee Hulin Theriot, in that amount, will be rendered upon presentation of a formal judgment in keeping with these reasons. All costs of this portion of the suit are assessed against defendant, Mrs. Theriot.
THUS DONE AND SIGNED in Chambers at Franklin, St. Mary Parish, Louisiana, this 8th day of February, 1985.

. Reasons for Judgment provided by the trial judge, with minor editorial adjustments, are attached as Appendix I.