WARD, Judge.
This appeal arises from a dispute between Mr. and Mrs. Percy Dunbar and V.P. Owen Construction Company, Inc. regarding the construction of the Dunbars’ home in New Orleans. The only issues in this appeal involve the construction of the driveway to the house and the responsibility for the cost incurred by relocating a fire hydrant on the property, both of which the Trial Judge resolved in favor of the Dun-bars. We affirm.
As work progressed on the Dunbar home, partial payments were made to Owen, the builder, on behalf of the Dun-bars by the bank which financed the sale. Owen, believing its work complete, requested that the bank release the remaining funds. The bank refused because the Dun-bars had instructed the bank not to release $4,375.00, the amount they believed necessary to repair the driveway and remedy construction defects. Owen sued the Dun-bars for the final installment of $31,688.00 due under the building contract and $2,384.77 for “extras.” The Dunbars reconvened, claiming damages caused by Owen’s failure to timely complete the house, as well as the cost of having the driveway modified to conform to the plans and specifications.
The matter was referred to a Commissioner of the Civil District Court who recommended that Owen bear responsibility for the $2,275.00 cost of modifying the driveway to conform with the original plans and specifications agreed to by the parties. The Commissioner also denied Owen’s claim for reimbursement for the cost of removing a fire hydrant that was adjacent to the completed driveway. The amount awarded to the Dunbars was an offset against their final installment on the building contract.
The Trial Court rendered judgment in accordance with the Commissioner’s recommendations. Owen appeals the judgment. In their brief, the Dunbars assert they answered Owen’s appeal, asking this Court to modify the Trial Court’s judgment. Our review of the record indicates that the Dun-bars did not file an answer to Owen’s appeal as required by La.C.C.P. art. 2133. Therefore, we will not consider the Dun-bars’ requested modifications to the judgment.
Owen sold a lot to the Dunbars and had plans drawn for a house which would be built on the lot. On June 18, 1984, Mrs. Dunbar and Owen executed a building contract which incorporated the plans and specifications. The contract provided that Owen would begin the project within fifteen days and complete the house within 180 working days. The contract also provided:
No additions or changes will be made in the plans and specifications, or in the manner of the construction of said improvements, unless such changes are agreed to in advance in writing, signed by Owner and the Builder. Such written instrument shall set out the charges, if any, to be made for such changes and these charges shall be paid upon acceptance of change order.
A dispute arose between Owen and the Dunbars over the removal of a fire hydrant which stood where the driveway for the house would be located according to the plans and specifications, which called for a rectangular shaped driveway, 16 feet wide. Apparently, sometime after discovering the problem with the fire hydrant, Owen had another plan drawn which depicted the driveway with one tapered edge so as to avoid the hydrant. Owen claims that the plans accepted by the Dunbars at the Act of Sale contained the “modified” driveway. The plans and specifications attached to the building contract and those given to the Dunbars, the bank and the City permit department, however, were never changed *837 and always provided for a uniform 16 foot wide driveway.
Although Owen eventually did construct the driveway by narrowing it at the entrance to avoid the hydrant, the Department of Safety and Permits refused to issue a permit for the house because the hydrant was too close to the driveway. To obtain a permit, Owen paid to have the hydrant moved the required five foot distance from the driveway. Owen disclaimed responsibility for costs associated with relocating the hydrant, listing this charge as an “extra”, not in the building contract and payable by the Dunbars. The Dunbars contend that they contracted with Owen for a 16 foot wide driveway and it was therefore Owen’s responsibility to remove any obstruction and to construct the driveway in accordance with the plans.
Relying on La.C.C. art. 2764, Owen argues the Trial Judge erred by not allowing it to charge the Dunbars for relocating the hydrant because both parties were ignorant of the need to remove the hydrant and had not foreseen the additional expense. La.C.C. arts. 2763 and 2764 provide:
When an architect or other workman has undertaken the building of a house by the job, according to a plot agreed on between him and the owner of the ground, he can not claim an increase of the price agreed on, on the plea of the original plot having been changed and extended, unless he can prove that such changes have been made in compliance with the wishes of the owner.
An exception is made to the above provision, in a case where the alteration or increase is so great, that it can not be supposed to have been made without the knowledge of the owner, and also where the alteration or increase was necessary and has not been foreseen. (Emphasis added.)
In this case, the responsibility for moving the hydrant lies solely with the builder because Owen sold the lot to the Dunbars and should have foreseen the need to relocate the hydrant. Instead, Owen devised a make-shift plan to modify the driveway to avoid the hydrant. Before construction commenced, Owen should have discovered that the hydrant stood where the driveway would be constructed, and its claim of ignorance was rejected by the trial court.
In his second assignment of error Owen argues that the Dunbars were es-topped from claiming damages after accepting the work and occupying the house. To support its argument of estoppel, Owen relies on the Dunbars’ failure to list the driveway problem on any of the “punch lists” of items to be repaired prior to their occupancy of the house.
In a letter of July 29, 1985, the Dunbars notified the lender that they were accepting the house with certain reservations, one of which was the positioning of the driveway. Prior correspondence between Owen and the Dunbars indicated the driveway dispute could not be resolved. Because of this, the Dunbars’ failure to list the driveway on the “punch lists” is of no significance. Items in these lists are typically minor problems which the builder can easily remedy. The Dunbars’ proposed remedy for the driveway involved a major change, the addition of a triangular portion to the driveway to make its width uniform.
To prevail on its estoppel argument Owen must show the Dunbars intentionally waived a construction defect of which they were aware. In Michel v. Efferson, 223 La. 136, 65 So.2d 115 (1953), on rehearing, the Supreme Court held:
The courts of this state have held that an owner is not estopped from claiming damages for the breach of a building contract by taking possession and moving into the building. The failure of the contractor to construct the building in accordance with the plans and specifications was a violation of the contract and the taking of possession of the premises by the plaintiff can not be considered as a discharge of the defendants’ liability. 65 So.2d at 119.
Therefore, because Owen did not adhere to the original plans and specifications, we do not believe the Dunbars intentionally waived their right to object to the construction of the driveway by occupying the *838 house while acknowledging an ongoing dispute.
In its third assignment of error Owen claims the Trial Judge should have applied a provision in the building contract to award only its cost to complete the driveway, which Owen contends is no more than $400.00. Paragraph VIII (D) of the contract reads:
If the Owner shall occupy the home before its completion, such occupancy is an acceptance of all work performed by the Builder, to such date for the Owner as it then stands, and the amount of the entire contract price shall become immediately payable, less the amount of the Builder’s cost to complete said work, and the Builder shall be relieved of the responsibility to complete said work.
The amount the Trial Judge awarded to the Dunbars was the amount the Dunbars requested for the repair of the driveway, although at trial the Dunbars’ expert testified that the project would require twice the amount requested because the entire driveway should be replaced instead of repaired. In light of the expert’s testimony, the Trial Judge’s award of the amount requested is not manifestly erroneous.
Finally, Owen contends the Trial Judge erred by failing to recognize the contractor’s lien which it filed or to award attorney’s fees and interest as provided in the building contract. In National Roofing & Siding v. Gulf Coast Oil Co., 422 So.2d 204 (La.App. 4th Cir.1982), this Court held that a contractual provision for attorney’s fees would not be enforced when the party claiming the fees had breached the contract and when the principal reason the claimant had incurred attorney’s fees was not to collect the balance on the contract but rather to defend against the other party’s successful reconventional demand. 422 So.2d at 206. Not only did Owen fail to complete the project within the number of days specified, but it also failed to adhere to the original plans and specifications attached to the building contract executed by the parties and submitted to the bank and the permits department. Thus, Owen breached the contract, and the Trial Judge did not err when he declined to enforce the lien or to award attorney’s fees and interest to Owen.
For the foregoing reasons, we find no merit in Owen’s assignments of error and we therefore affirm the Trial Court judgment. All costs of this appeal are assessed to Owen.
AFFIRMED.