THOMPSON, J.
 

 This is a suit for balance due on a contract between the American Heating & Plumbing Company owned by Archibald A. Marx, and the defendant club, under which contract the plumbing company agreed to install a plumbing and heating system in the one-story frame clubhouse of the defendant.
 

 The amount claimed is $3,600.12, evidenced by three certificates of the architect issued to the American Heating & Plumbing Company and assigned to the. American Heating & Plumbing Company, Inc., the plaintiff herein.
 

 The defendant denied any indebtedness to the plaintiff or its assignor and reconvened for damages resulting from a breach of the contract, in the sum of $3,482.80.
 

 It is alleged that the hot water heater for the men’s showers, was not properly equipped and was negligently and improperly installed. That the boiler which was a part of the hot water heater was not equipped with a safety or release valve, or other proper safety equipment.
 

 That by reason of the improper installation of same, all in violation and breach of the terms, stipulations, and obligations under the contract, the said boiler exploded, the explosion blowing out a section of wall of the building about sixteen feet square, setting fire to the building, destroying the hot water heater and boiler itself, damaging the electrical system of the building and the sprinkler system as well as the tile roof of the building. That the amount claimed was the exact cost of the repairs caused by the explosion.
 

 The prayer was that the American Heating & Plumbing Company, Archibald A. Marx, proprietor, be called in warranty, and- after due proceedings had the plaintiff’s suit be dismissed, but, should defendant be east, then judgment should be rendered in defendant’s favor against the American Heating & Plumbing Company, Archibald A. Marx, proprietor, for the sum claimed in reconvention.
 

 An exception was filed by Archibald Marx, trading as the American Heating & Plumbing Company, to the call in warranty on the ground that the call did not disclose a legal right or cause of action against exceptor, for the reason that the contract for the heating and plumbing does not and could not support a call in warranty against either exceptor’s claim or that of his assignor upon architect’s certificates for materials furnished or work performed, the same being based upon alleged tort or act of negligence. It was also, pleaded in this exception that the action, if any, was prescribed.
 

 This exception and plea was filed May 29, 1928. On June 12th the American Heating & Plumbing Company, Inc., filed a plea of prescription of one year against the demand in reconvention.
 

 And on the same day the defendant filed a supplemental petition in which, after reaffirming the allegations of its original answer, prayed that, in the event it should be cast in the suit, then it should have judgment against both the American Heating & Plumbing Company, Archibald A. Marx, proprietor, and the
 
 *487
 
 American Heating & Plumbing Company, Inc., for the sum of $3,482.80.
 

 The ease was tried on June 12,1928, and the exceptions of prescription and of no cause of action were sustained and the reconventional demand dismissed. Thereafter on July 18, 1928, judgment was signed in plaintiff’s favor for the amount sued for and1 sustaining the plea of prescription and the exception of no cause of action.
 

 The first question we shall consider is the exception of no cause of action.
 

 The explosion which caused the damage claimed by defendant occurred in February, 1923, before the certificate of final payment was issued. The three certificates of the architect sued on were issued later, one April 23, 1923; called the final payment, one dated May 5, and the other dated June 11, 1923. The second certificate is for one of the items of damages claimed by the defendant.
 

 The contention in support of the exception of no cause of action is that the certificate of the architect evidencing the final payment of the contract price for the work is binding and conclusive on the defendant in the absence of any allegation of error, mistake, or fraud.
 

 The contract provides that the architect named shall have authority in all matters pertaining to the contract. 1-Ie shall decide upon the quality of materials and work performed, also upon all questions arising from the plans, specifications, etc. It was further' stipulated that, on substantial completion of the entire work, a sum sufficient to increase the total payment to 90 per cent, of the contract price shall be paid and 10 per cent. 45 days thereafter, the balan.ee under the contract, provided the work be fully completed and fully performed.
 

 The contract further stipulated that the contractor shall hold the owner harmless for any damage or expense arising from the fulfillment of the contract, and at the completion of the work he shall repair all damages done.
 

 And should any injury occur prior to the acceptance of the work by the owners, it must be made good at the contractor’s expense.
 

 “While the work, is being constructed and remains unaccepted, the contractor shall be held responsible for any accident from any cause, to men, materials or property.”
 

 The contract further stipulated that the contractor guarantees to replace all defective material within one year from date of acceptance of job.
 

 Undoubtedly the authorities support the general proposition that, where the contracting parties have stipulated that the decision of the architect on the sufficiency of the performance of the work shall be binding and conclusive, that decision will be accepted by the courts and the decision of the architect will not be set aside by the courts unless the architect’s ruling is manifestly arbitrary, or is shown to have been rendered in bad faith.
 

 But the authorities so holding are not applicable to the facts shown in this case.
 

 In the first place there is no provision of the contract which expressly provides1 that the decision of the architect shall be final and conclusive. Nor can such a stipulation be reasonably implied from the contract taken as a whole. On the contrary, it is expressly provided that, should any injury occur prior to the acceptance of the work by the owners, it must be made good at the contractor’s expense, and, while the work is being constructed and remains unaccepted, the contractor shall be held responsible for any accident from any cause which occasions damage to
 
 *489
 
 materials or property. And, further, the contractor guarantees to replace all defective material within one year from date of acceptance of the work.
 

 In view of these stipulations, it would be vesting the architect with greater power than justified by the contract or contemplated by the parties and would be extending the rule further than any adjudication of the courts heretofore made.
 

 But aside from this, the damages occasioned which are claimed in reeonvention were not considered by the architect in issuing his final certificate.
 

 That certificate went no further than to certify the amount due as the final payment on the contract price, and, to give it the full legal effect claimed, it would simply mean that the work, including the repairs, had been completed according to the terms of the contract.
 

 Such a certificate could not under any circumstances be held to have determined who was responsible for the explosion and the damage resulting therefrom. Nor did the architect assume the function of determining that question. He did, however, -recognize the fact that a damage had occurred which had to be repaired and it was repaired and the architect issued certificates of the cost of such repairs after the certificate of final payment. Why these expenses for repairs should be added to the contract price and the owner made to pay them is not disclosed by the record. It is obvious the owner could not be condemned to pay for the repairs caused by the explosion in excess of the contract price for a completed work unless it was by the owner’s fault the explosion occurred. The answer in reconvention imputes the cause of explosion to the negligence of the contractor, and the court must accept that fact as true for the purpose of this decision.
 

 The certificates of the architect issued after the final payment certificate amount to $3,482.80, the exact amount claimed by defendant, and the certificates show on their face that the amount was f.or repairs occasioned by the explosion.
 

 As we have stated, we can discover no good reason why the defendant should be held to pay for these repairs in addition to the contract price for the work in its completed condition. Undoubtedly the architect required these repairs to be made, as they were rendered necessary by the explosion before the acceptance of the work by the architect.
 

 To say that defendant has no cause of action on its reconventional demand because the architect had issued the certificate for the final payment would, as we have stated, be vesting in the architect the authority to decide the question as to who was responsible for the explosion, a power not invested in the architect either by law or by the contract.
 

 The exception of no cause of action was therefore improperly sustained.
 

 The plea of prescription of one year was likewise improperly sustained.
 

 First, because the demand in reconverition is not one arising from or growing out of a simple tort. The action is for damages caused by the breach or improper execution of a contract between the parties.
 

 The plaintiff sued on a contract and defendant reconvened for damages on the ground that the work was so negligently and improperly performed as to constitute a breach of that contract.
 

 The rule is well settled that a party to a contract may have a money demand against the other party to a contract and may sue either on the tort or upon the contract at his option or election. Liles v. Barnhart, 152 La. 419, 93 So. 490, and authorities there cited.
 

 
 *491
 
 The character of the action determines the prescription applicable thereto. If the action is pui;ely one in tort, then it is prescribed by one year. If the action is predicated on a breach of the contract, then it is only prescribed by ten years.
 

 In Illinois Central Railroad v. N. O. Terminal Co., 143 La. 467, 78 So. 737, 740, it was held that there is no reason why the breach of a contract by means of a tort should not furnish ground for an action for breach of contract.
 

 “A contractor cannot liberate himself from his contract, or, in other words, destroy its obligation, by committing a tort; and if the obligation is not destroyed, but remains in full force, and the contract is breached, there is evidently a ground of action on the contract.
 

 “Because a certain act of omission or commission violates the general duty which a person owes to society not to injure another is no reason why it should not, at the same time, violate a special duty owing to this other by virtue of a contract to do or not to do that particular thing, and why the violation of the latter duty should not furnish a cause of action.”
 

 The facts in the instant case are much more favorable to the defendant in application of the rule mentioned than were the facts in the case quoted from. In that case the breach of the contract violated a duty to the general public as well as a particular duty and obligation to the plaintiff railroad company. .
 

 In the instant case the duty was owing directly-to the defendant under a contraeiional obligation to safely, properly, and skillfully install the boiler and heating system.
 

 The second reason why the one year’s prescription is not applicable is because the American Heating & Plumbing Company, Marx, proprietor, and the American Heating & Plumbing Co., Inc., are bound in solido, if either is bound at all, to repair the damages caused to the defendants for the violation of the contract.
 

 Shortly after the contract was entered into the plaintiff company was incorporated and took over the contract with all of its rights and obligations. It assumed all of the liabilities which its assignor had assumed and in fact performed the greater part of the work called for by the contract.
 

 There can be therefore no doubt that the plaintiff company was an obligor in solido with the American Heating & Plumbing Company, Marx, proprietor.
 

 The suit was filed within the year against the last-mentioned company, the original obligor, and that operated as a legal interruption of prescription against the assignee of the contract.
 

 A suit brought against one of the debtors in solido interrupts prescription with regard to all, and a citation served upon one debtor in solido interrupts the prescription with regard to all the others and even their heirs. Civ. Code, arts. 2097 and 3552.
 

 In Turner, Wilson & Co. v. McMain, 29 La. Ann. 298, it was held:
 

 “Legal citation upon one of several solidary debtors interrupts prescription as to all.
 

 “The interruption of prescription by a suit, works a suspension of prescription, as to every one affected by the interruption, during the pendency of the suit.” See, also, Frazier v. Hardee, 21 La. Ann. 541.
 

 The judgment appealed from in plaintiff’s favor and the judgment sustaining the exception of no cause of action and the plea of prescription are set aside, the said exception and plea are overruled, and the case is remanded
 
 *493
 
 to be proceeded with according to the views herein expressed. The plaintiff to pay the ■cost of this appeal.
 

 O’NIELL, C. J.,,dissents.