REGAN, Judge.
The plaintiff, Mrs. Esther Lotspeich Fein-hals, the owner of property No.- 412 North-line Avenue, instituted this suit against the defendant, Gulf Engineering Company, Inc., endeavoring to recover the sum of $1,153.40, for breach of an air conditioning contract affecting the residence designated herein-above, entered^ into on or abount June 24, 1949, in the amount of $4,900. The breach of the contract is alleged to have occurred when defendant neglected to insulate some of the branch ducts emanating from the main trunk- supply duct, which resulted in an accumulation of moisture on or around the ducts and registers causing the interior plastered walls and ceilings of various rooms to soften, blister and fall.
Defendant answered and denied that it had breached its contract, that the moist condition of the walls was caused by the failure of plaintiff to furnish, as provided by the contract, (a) “insulation in flat deck attic area of 4-inch rockwool or equal”; (b) “proper, openings in -walls -for air circulation” and (c) “clear filters to permit successful operation of said installation.” At the conclusion of the trial but before judgment was rendered, defendant filed what it terms a plea of prescription, ostensibly predicated on the hypothesis that no suit could be instituted based upon breach of contract - after twelve months had elapsed from the date of the acceptance and completion of the work.
From a judgment in favor of plaintiff as prayed for, defendant has prosecuted this appeal.
The record reveals that the plaintiff, before beginning the construction of her home in Northline Avenue, consulted the defendant and requested it to design and install an air conditioning system therefor. The plans for the residence were submitted to the defendant and after a study thereof a written contract was entered into" by the parties to ’do the work for the sum of $4,900. This contract provided, inter alia, that defendant would furnish and install:
“A complete air distribution system of' ducts, according to the American Society Heating and Ventilating En *155 gineers recommendations, insulated and accoustically treated, where necessary, return and supply grilles.”
The residence together with the air conditioning installation was completed and accepted in November or December of 1949, and the system appeared to function adequately; however, during the second summer (August, 1951) of its operation the plastered walls and ceilings became so saturated with moisture emanating .from some of the branch ducts which lead to the registers, that extensive damage was done thereto. The defendant was immediately advised thereof and it, in vain, endeavored to alleviate the condition by blowing insulation into various areas around the ducts. Finally, having obtained no satisfaction from the defendant, plaintiff had a contractor repair and redecorate the damaged walls and ceilings which entailed an expenditure of $1,153.40.
Plaintiff insists that the cause of the damage which her residence suffered was both defendant’s 1 failure to ' insulate and inadequate insulation of the ducts in the area of the damaged walls and ceilings which constituted a breach of that portion of the contract quoted hereinabove.
Defendant, on the other hand, in its initial answer to plaintiff’s suit simply denied the foregoing contention, and at the trial hereof endeavored to adduce evidence which was admissible only in support of a special defense. After sustaining an objection to the admissibility of such evidence the judge of the lower court adjourned the trial and permitted defendant to prepare and file a supplemental answer in which the following special defenses were urged to avoid liability for plaintiff’s damage.
(a) Inadequate insulation in attic.
(h) Insufficient opening for admission of air into service room housing the system’s water tower or cooler.
(c) Failure to maintain clean air filters. ■ , :
The defendant concedes that the damage to the walls and ceilings of plaintiff’s.residence occurred and that the sum of $1,153.40 was expended for repair thereof; however, the foregoing defenses have been reurged here both in brief and in oral argument.
We have made a comprehensive analysis of the record and we are convinced that both the lay and the expert testimony unequivocally refutes the special defenses enumerated hereinabove.
With respect to (a) the record shows that insulation of the deck of the attic was never intended to prevent the accumulation of moisture around the surface of the metal ducts located in the walls of the residence, the principal purpose thereof was to shield the interior of the house from the hot air which accumulates in the attic.
With respect to (b) the evidence revealed that the openings were the equivalent or greater than the air intake capacity of the water tower or cooler. In any event,' the defendant knew the size of the air openings. It was, therefore, its fault for not insisting on larger openings if it believed them necessary. , Certainly plaintiff was not competent nor qualified to determine what amount of air intake was necessary to the successful operation of the cooling system.
With respect to (c) the evidence reflects that the plaintiff and defendant had entered into a maintenance contract. It either installed new filters or cleaned the old ones. If cleaning or installing new filters would have overcome the condition which motivated this litigation; then defendant would have simultaneously corrected the defect and earned excellent remuneration by simply complying with its maintenance • contract.
On the other hand, we are equally convinced that the ducts located in the area of the damaged walls and ceilings were either not insulated at all or inadequately insulated and that it was defendant’s failure to properly insulate- these ducts which caused the damage which, is the subject matter of this *156 litigation. In this connection we have carefully read the testimony of George A. Isaac, Jr., a graduate of the College of Engineering of Tulane University, and presently practicing as a consulting engineer, and it impresses us as the most credible and professional evidence in the record. After a careful evaluation of the installation he expressed the opinion that it was “very definitely” necessary to insulate the ducts located in the area of the damaged walls and ceilings and it was defendant’s failure to insula.te these ducts which was the cause of the damage to the w’alls and ceilings of plaintiff’s residence. For the reasons enumerated hereinabove we are convinced that the award of $1,153.40 made by the trial court for the breach of this contract was correct.
We related in the second paragraph of this opinion that the defendant, at the conclusion of the trial in the court below, and again here, has urged what it terms as a plea of prescription. In this connection the contract provides:—
“We guarantee the equipment and installations installed according to these specifications to be free from defects in workmanship and material for a period of twelve (12) months from date of completion of installation. * * *
“We will render adjustment service on the equipment and installation for a period of twelve (12) months from date of completion of installation.”
Seizing upon the foregoing language, at the conclusion of the trial, defendant filed a plea of prescription, presumably on the theory that no suit could be instituted based .upon breach of the contract, after 12 months from date of completion.
The plea of prescription is obviously a misnomer, since prescription must be based upon statutory law and not upon a contractual stipulation. The plea was in fact a defense on the merits, predicated upon the provision that no guarantee of “equipment and installation' installed according to these specifications” against defects in workmanship and material remained in effect beyond twelve months from completion.
If the equipment was not installed according to the specifications — as the evidence showed was the case here — the restriction of the guarantee to twelve months had no application .and, therefore, the prescription of ten years for breach of contract is applicable to the facts hereof. See American Heating & Plumbing Co. v. West End Country Club, 171 La. 482, 131 So. 466.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.