144 So.2d 756 (1962)
Robert S. YEARGAIN
v.
Joseph L. BLUM, Jr.
No. 618.
Court of Appeal of Louisiana, Fourth Circuit.
September 17, 1962.
*757 Joseph A. Watters, for plaintiff-appellant.
A. W. Wambsgans, New Orleans, for defendant-appellee.
Before TATE, THOMPSON and BAILES, JJ.
TATE, Judge.
The plaintiff Yeargain appeals from the dismissal of his suit upon a plea of prescription. At issue is whether (as the defendant-appellee contends) the timeliness of this suit is governed by the one-year prescription provided for redhibitory actions, LSA-C.C. Art. 2534, rather than (as the plaintiff-appellant argues) by the ten-year prescription applicable to actions for breach of contract, LSA-C.C. Art. 3544.
Yeargain herein seeks the return of $415 which he paid to the defendant Blum pursuant to a contract of November 2, 1957, by which Blum agreed to paint certain rooms in Yeargain's home. According to the allegations of Yeargain's petition, the painting job was completed on November 23, 1957 and then paid for by him. However, within eight months after completion of the work, the paint began to crack and peel. Yeargain informed Blum of the defective painting job within one year from the date of the contract and, without avail, requested correction thereof.
Yeargain's suit for refund of the contract price was filed on March 28, 1960.
This suit was thus filed one year and eight months after discovery of the defective work, and two years and four months after completion and acceptance of the painting job. The trial court sustained the plea of one year prescription and dismissed the plaintiff's suit.
Ordinarily the prescription applicable for actions to recover damages caused by a breach of contract is not a one-year prescription, but is rather the ten-year prescription provided by LSA-Civil Code, Article 3544. American Heating & Plumbing Co. v. West End Country Club, 171 La. 482, 131 So. 466; Vicknair v. Rapides Parish School Board, La.App. 3 Cir., 128 So.2d 821; Transportation Equipment Co. v. Younger Bros., Inc., La.App. 4 Cir., 34 So.2d 347. However, as counsel for defendant suggests, unlike damages for other contractual breaches, damages caused by a breach of the warranty in a contract of sale are regarded as founded upon redhibition and subject instead to the codal prescription of one year applicable to redhibitory actions. LSA-C.C. Art. 2534; Rapides Grocery Co. v. Clopton, 171 La. 632, 131 So. 734; Walton v. Katz & Besthoff, Inc., La.App.Orl., 77 So.2d 563, certiorari *758 denied; Crowley Grain Drier, Inc. v. Fontenot, La.App., 132 So.2d 573.
Counsel for Blum, the defendant-appellee, successfully contended in the trial court that the suit was required to be filed within one year of the completion of the work or, at the latest, within one year of the discovery of the defects. Counsel bases this contention upon (1) a clause in the painting contract guaranteeing all work and materials for one year only from the date of completion of the work and upon (2) LSA-C.C. Art. 2534, providing a one-year delay within which to bring redhibitory actions demanding the avoidance of a sale or the diminution of the price on account of some defect.
As to the first, the cited provision in the painting contract guaranteed the material and workmanship for one year from the date of completion of the contract; but it did not provide that suits for breach of this contractual warranty must be brought within one year. This guaranty clause therefore does not affect the prescriptive period within which suit must be brought. Michel v. Efferson, 223 La. 136, 65 So.2d 115.
Likewise, we cannot agree that the one-year prescription applicable to redhibitory actions, LSA-C.C. Art. 2534, is applicable to the present suit. Such a prescription relates to actions to recover for defects in articles sold by a contract of sale. The present cause of action does not concern defects in an article sold. The cases relied upon by the defendant concern contracts of sale and are distinguishable on that account.
As able counsel for Blum notes, the contract between the parties was not one of sale; it was rather a species of building contract by which an undertaker or artificer agrees for a certain price to furnish the materials needed and to perform certain work for the owner. LSA-C.C. Arts. 2756, 2757, 2762, 2769, 2771.[1] Herein the plaintiff-owner seeks damages for breach of a painting contract by defective performance thereof and for breach of the contractual guarantee for one year of the materials and workmanship furnished. The one-year redhibitory prescription relating to sales is not applicable to actions for breaches of building or installation contracts by reason of defective performance thereof; instead, the applicable prescription period is the ten years provided by LSA-C.C. Art. 3544.[2] Hunter v. Mayfield, La.App. 2 Cir., 106 So.2d 330; Landry v. A. & O. Builders, La.App. 4 Cir., 60 So.2d 723; cf., Michel v. Efferson, 223 La. 136, 65 So.2d 115.
Finally, in brief to this court, able counsel for the appellee suggests that this is an action to recover for negligence or want of skill, LSA-C.C. Art. 2316, so that the one-year tort prescription applies. LSA-C.C. Art. 3536. However, the one-year tort prescription does not apply to actions for damages resulting from negligence or improper workmanship in the performance of a contract; the prescription applicable to such actions, as to other actions based on breach of contract, is the ten-year period provided by LSA-C.C. Art. 3544. Lafleur v. Brown, 223 La. 976, 67 So.2d 556; Vicknair v. Rapides Parish School Board, La.App. 3 Cir., 128 So.2d 821; Transportation Equipment Co. v. Younger Brothers, La.App. 4 Cir., 34 So. 2d 347.
For the reasons above-stated, we find that the trial court incorrectly sustained the plea of one-year prescription. Accordingly, *759 we reverse the lower court judgment which dismissed the plaintiff's suit, and we remand this case for further proceedings not inconsistent with the views expressed herein. The defendant-appellee is taxed with all costs of the present appeal; other costs to await final determination of this action.
Reversed and remanded.
NOTES
[1] Not at issue herein is the sometimes perplexing question of whether the contract in question is really one of sale because the price of the thing sold is so great as compared with the minimum skill and cost needed to install it. See Comment, "Building Contracts in Louisiana", 7 La. L.Rev. 564 (1947), for interesting discussion of this question.
[2] LSA-C.C. Art. 3544: "In general, all personal actions, except those before enumerated, are prescribed by ten years."