170 So.2d 238 (1964)
TRIPOD BOATS, INC.
v.
GEORGE ENGINE CO., Inc. and General Motors Corporation.
No. 1558.
Court of Appeal of Louisiana, Fourth Circuit.
December 7, 1964.
Rehearing Denied January 11, 1965.
*239 George C. Ehmig and George M. Leppert, New Orleans, for plaintiff-appellant.
Adams & Reese, Sam A. Le Blanc, III, New Orleans, for George Engine Co., defendant-appellee.
Lemle & Kelleher, George B. Matthews, David L. Campbell, New Orleans, for General Motors Corporation, defendant-appellee.
Before McBRIDE, YARRUT and BARNETTE, JJ.
CHRIS T. BARNETTE Judge pro tem.
The plaintiff-appellant, a corporation composed of three stockholders, H. Newton Smith, John Edwin Kyle, Jr., and Lesley Levy, purchased three twin-screw crew boats from defendant-appellee, George Engine Co., Inc., namely, the "Trinity," delivered June 29, 1956; the "Trident," delivered December 18, 1956; and the "Triton," delivered February 15, 1957. It *240 appears that the boats were of identical size and specification and each was powered by two diesel engines manufactured by General Motors Corporation.
The engines were of a new design developed by General Motors and not theretofore tried in service on the Gulf Coast. Almost immediately after the "Trinity" was put in service, trouble developed with the engines. The other two boats, being under construction and under option to plaintiff to purchase, were completed with minor changes in the motors and in turn delivered to plaintiff as completed. Likewise engine trouble developed in each one shortly after being put into service. In short, the engines were a failure; and after numerous attempts at repair and modification, they were replaced by other engines of a proven design.
Plaintiff brought this suit on January 18, 1961, against George Engine Co., Inc., from whom the boats were purchased, and General Motors, manufacturer of the engines, for damages alleged to have resulted from the unseaworthiness of the vessels. The items of damage listed include loss of time from service, loss of contracts, repairs, loss in resale of the boats, miscellaneous expenses, etc. Plaintiff's suit is based upon an alleged breach of warranty, both express and implied by both defendants.
Both defendants filed exceptions of no right or cause of action and prescription of one year. The defendant, George Engine Co., Inc., additionally filed a motion for summary judgment. The exceptions and motion for summary judgment were argued and submitted on January 31, 1964. On February 10, plaintiff filed a supplemental and amended petition. On February 26, judgment was rendered, signed, and filed maintaining the exceptions of prescription on behalf of the defendants and dismissing plaintiff's suit at its cost. It is from that judgment that this appeal was taken.
The appellant has specified three alleged errors upon which its appeal is founded; namely, (1) that the court was in error in dismissing plaintiff's suit without allowing plaintiff opportunity to correct the deficiency in its pleadings as required by LSA-C.C.P. art. 934; (2) that the court was in error in applying the prescription of one year applicable to actions in redhibition as provided in LSA-C.C. art. 2534, and that it should have applied LSA-C.C. art. 3544, providing ten-year prescription for personal actions arising out of breach of contract (warranty); (3) that the law of Michigan should have been applied relative to the interruption of prescription, rather than assuming without proof that the Louisiana law controlled.
The first alleged error has been argued strenuously by plaintiff's counsel based on LSA-C.C.P. art. 934 which provides as follows:
"When the grounds of the objection pleaded by the peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. If the grounds of the objection cannot be so removed, or if plaintiff fails to comply with the order to amend, the action shall be dismissed." (Emphasis ours.)
Plaintiff-appellant points to that portion of Article 934 emphasized by italics which he contends makes it mandatory that the trial judge grant leave to amend the petition to meet the objection raised by the exception. This, when read in connection with the rest of the article means, obviously, that the amendment must be ordered "[w]hen the grounds of the objection * * may be removed by amendment * * *." (Emphasis ours.) This qualification gives some discretion to the trial judge and that part of the article upon which plaintiff relies is not, therefore, absolutely mandatory. Whether or not the trial judge acted within reasonable discretion is dealt with below.
*241 Counsel contends further that the testimony of plaintiff's stockholders (Smith, Kyle, and Levy), taken by way of deposition on January 29, 1964, for the purpose of discovery and filed in evidence "without objection by either defendant," had the effect of enlarging plaintiff's pleadings and supplied the factual allegations necessary to meet the objections raised by the exceptions, citing Williams v. Marionneaux, 240 La. 713, 124 So.2d 919 (1960).
In order to take its case out of the prescriptive limitation of one year and bring it under the ten-year limitation, it is essential that plaintiff allege and prove a contractual relationship between itself and defendants for the construction of the vessels according to specifications and the breach of that contract in some significant respect. Though a suit is one for damages, if it arises out of breach of contract the action is not barred by the limitation of one year. Yeargain v. Blum, 144 So.2d 756 (La.App. 4th Cir.1962); American Heating & Plumb. Co. v. West End Country Club, 171 La. 482, 131 So. 466 (1930); Liles v. Barnhart, 152 La. 419, 93 So. 490. The plaintiff failed to allege in its original petition a contractual relationship for the design, specifications, and construction of the boats. On the contrary, it alleged in paragraph III of its original petition that on certain specific dates it "purchased from George Engine Co., Inc., authorized representatives and dealers and distributors for General Motors Corporation, three steel diesel twin screw crew boats, * * *." In paragraph VI of its original petition it made general allegations of warranty and in paragraph IX a breach of these general and implied warranties. The breach of warranty is not enough to change the character of the action into one arising out of contract to bring it within the ten-year prescriptive period under LSA-C.C. art. 3544. This point was clearly made in an able opinion by Judge Tate in Crowley Grain Drier, Inc. v. Fontenot, 132 So.2d 573 (La. App. 3rd Cir.1961). We quote with approval the following excerpt from that opinion:
"Ordinarily, as the defendants contend, the prescription applicable for damages caused by a breach of contract is not a one year prescription, but is rather the ten year prescription provided by LSA-Civil Code Article 3544. See American Heating & Plumbing Co. v. West End Country Club, 171 La. 482, 131 So. 466; Vicknair v. Rapides Parish School Board, La.App. 3 Cir., 128 So.2d 821. However, unlike damages for other contractual breaches, damages caused by a breach of the warranty in a contract of sale are regarded as founded upon redhibition and subject instead to the cited codal prescription of one year applicable to redhibitory actions. Rapides Grocery Co. v. Clopton, 171 La. 632, 131 So. 734; Walton v. Katz & Besthoff, Inc., La.App.Orl., 77 So.2d 563, certiorari denied."
It is very doubtful that the grounds of the objection pleaded by the peremptory exceptions could be removed by amendment to its petition, and there does not appear to have been any abuse of discretion in the trial judge's failure to order an amendment under LSA-C.C.P. art. 934. Plaintiff's argument to the contrary loses its pertinence in view of the fact that it did actually amend its petition after the exceptions were heard, argued, and submitted, but before judgment. In this amended petition plaintiff attempted to meet the objections raised by the exceptions by the following allegation:
"`That prior to June 29, 1956, petitioner contracted with George Engine Company, Inc., authorized representatives, dealers and distributors for General Motors Corporation, for the construction, completion, and delivery to plaintiff, of three "crew boats" of a new design, which vessels were designed and constructed particularly to accommodate a new type of engine, developed and manufactured by General Motors *242 Corporation, which engines were to be installed, and were installed, in said vessels by George Engine Company, Inc., under the specifications and supervision of General Motors Corporation.'" (Emphasis added.)
Obviously, by this allegation plaintiff attempted to change the nature of its action from one arising out of sale (as originally alleged) to one arising out of contract to meet the requirement set out in Yeargain v. Blum, supra. But the falsity of the allegation is at once apparent in the light of the deposition of plaintiff's stockholders. These depositions, filed without objection in connection with the motion for summary judgment and the hearing on exceptions and upon which plaintiff now relies for "enlargement of its pleadings" under the authority of Williams v. Marionneaux, supra, and LSA-C.C.P. art. 931, reveal that of the three stockholders, it was Mr. Levy who had the most direct connection with the operation of the boats in question. He testified that they had no idea of buying the boats until after the "Trinity" was built and in the water. The other two boats were under construction and plaintiff took an option to purchase them upon completion. Levy testified that Mr. Kyle told him to go take a look at the boat to see what he thought about buying it (the Trinity):
"A * * * Colby wants to sell it to us, and I think we can get a job for it right quick, and go see what you think about it. I had absolutely nothing to do with the construction of the boat or anything because if we would have been figuring on buying the boat I would have looked at all the blue prints and stayed there with it the whole time it was under construction, but this boat was completely built and in the water when we got interested in it.
* * * * * *
"Q And the first thing that you remember about any contract with anybody was when Kyle came over to your house and at this point the boat was already in the water completely constructed with the engines in it?
"A Yes, sir.
"Q You had never previously had any contact with anybody about building a hull or these turbocharged engines?
"A No, sir, if I wasat the time I was talking to Kyle about taking the money we had and putting it into a big boat, and at that time I had a job lined up for a big boat, one of these mud-type barges."
Obviously, this was a "purchase" of boats as plaintiff originally alleged. Whatever warranties, express or implied, which were made, do not take this case out of the typical redhibitory or quanti minoris action (LSA-C.C. arts. 2520 and 2541) prescribed by one year from the date of the sale, LSA-C.C. art. 2534.
The defendants had knowledge of the vices and defects in the engines with which the boats were equipped. They made numerous attempts to correct them and finally replaced them with proven models. Suit was not filed until long after the expiration of one year from the date of defendants' last attempt at repair or adjustment.
We find no merit in the third assignment of error urged by appellant. The sale of the boats was wholly consummated in Louisiana and is controlled by the laws of Louisiana relating to sales. The law is clear and abundantly supported by jurisprudence that, this being a sale, the action for damages caused by vices and defects in the thing sold is redhibitory in nature and prescribed in one year. We cite but a few of the many cases so holding, in addition to those above cited. Johnson v. Hunter, 88 So.2d 467 (La.App. 2d Cir.1956); Sterbcow v. Peres, 222 La. 850, 64 So.2d 195 (1953); Morehouse Ice Co. v. Tooke & Reynolds, *243 154 So. 402 (La.App. 2d Cir.1934); George v. Shreveport Cotton Oil Co., 114 La. 498, 38 So. 432 (1905).
The judgment maintaining the exceptions of prescription filed on behalf of defendants-appellees, George Engine Co., Inc., and General Motors Corporation, and dismissing plaintiff's suit is affirmed at plaintiff-appellant's cost.
Affirmed.