183 So.2d 360 (1966)
VICTORY OIL COMPANY, Inc.
v.
Louis PERRET and Marion Perret, d/b/a L & M Transportation Company.
No. 2068.
Court of Appeal of Louisiana, Fourth Circuit.
February 7, 1966.
Rehearing Denied March 7, 1966.
Writ Refused April 15, 1966.
*361 Adams & Reese, John T. Cooper, New Orleans, for defendants and plaintiffs in reconvention, appellants.
Dufour, Levy, Marx & Lucas, Leonard B. Levy, Michael Osborne, New Orleans, for plaintiff and defendant in reconvention, appellee.
Before REGAN, SAMUEL and BARNETTE, JJ.
BARNETTE, Judge.
Plaintiff-appellee, Victory Oil Company, Inc., hereafter referred to as Victory, brought suit against Louis Perret and Marion Perret, doing business as L & M Transportation Company, hereafter referred to as L & M, for $2,433.91 on an open account for diesel fuel sold and delivered to them between September 1, 1960, and November 11, 1960. Defendants answered admitting the delivery of diesel fuel, but alleged that it was not of the specifications and quality which had been ordered and agreed upon, and was not suitable for use in their trucks. They alleged that as a result their trucks were damaged in the amount of $11,380.79. They pleaded off-set and prayed for dismissal of plaintiff's suit.
On November 13, 1961, defendant L & M filed an amended answer and petition in reconvention alleging that a contract had been entered between them and Victory to purchase diesel fuel for their trucks. Prior to entering the contract, defendant had negotiated with Victory's representative in regard to the specific type oil suitable for use in their trucks, and they had agreed upon a certain type recommended by the representative. L & M further alleged that, in keeping with the contract, Victory made delivery of the type of diesel fuel agreed upon for a period of time, but thereafter, without the knowledge of L & M, began delivering diesel fuel of a different type. The substitute was unsuited for use in L & M's trucks and caused mechanical failure and serious damage. L & M prayed for judgment in reconvention in the amount of $11,380.79 for the damage and $13,000 for loss of use of the trucks during the period required to repair them.
In answer to the petition in reconvention, Victory admitted the contract to sell L & M petroleum products, but contended that they delivered the products specified in the contract. Victory, as defendant in reconvention, impleaded Bay Petroleum Corporation and Tenneco Oil Company, from whom it purchased the fuel delivered to L & M, as third party defendants and prayed for judgment against them for such amount as it might be cast in reconvention.
The third party defendants pleaded prescription of one year. The trial court, with written reasons for judgment, referred the exception to the merits, whereupon L & M, plaintiff in reconvention, took an appeal to this court. Its complaint on appeal was directed against the reasons given by the trial judge. This court sustained a motion to dismiss that appeal, pointing out that it was not concerned with the trial judge's reasons which formed no part of his judgment. We held the judgment appealed from was interlocutory and the appellant could not conceivably have been injured "irreparably or otherwise". *362 See Victory Oil Co. v. Perret, La. App., 151 So.2d 565 (1963).
Upon remand for further proceedings interrogatories were propounded to L & M, and, among other facts, their answers revealed that the damage caused by improper fuel was discovered on November 8, 1960. A letter from L & M's attorney, filed as an exhibit, fixed the date of delivery of the improper fuel as November 3, 1960. Based on these facts, Victory and the third party defendants reurged the exceptions of prescription and Victory moved for summary judgment dismissing the reconventional demand.
After many delays and continuances, the exceptions and motion for summary judgment were heard and sustained, and the reconventional demand of L & M was dismissed. It is from that judgment that this appeal was taken.
In his reasons for the judgment from which the first appeal was taken, the trial judge found the reconventional demand was one in redhibition and subject to the prescription of one year either under LSA-C.C. art. 2534 or under LSA-C.C. art. 2546. This holding was the subject of L & M's complaint on the first appeal. This opinion was reaffirmed by the trial judge in the judgment maintaining the plea of prescription and granting the motion for summary judgment dismissing the reconventional demand. The dismissal was based on the facts disclosed by the interrogatories and the letter from L & M's attorney fixing the date of delivery of the improper fuel as November 3, 1960, and the date of the discovery of the damage as November 8, 1960. Since the reconventional demand was filed on November 13, 1961, more than one year after both the delivery and the discovery dates, the exceptions of prescription were maintained.
Our review of the record convinces us that L & M's reconventional demand is not an action in redhibition and that the prescriptive period of one year under LSA-C.C. arts. 2534 and 2546 is not applicable.
An action in redhibition is based upon a vice or defect in the thing sold.

"Redhibition is the avoidance of a sale on account of some vice or defect in the thing sold, which renders it either absolutely useless, or its use so inconvenient and imperfect, that it must be supposed that the buyer would not have purchased it, had he known of the vice." LSA-C.C. art. 2520.
An action in redhibition must be commenced within one year from the date of the sale, LSA-C.C. art. 2534; or, if the seller knew of the vice, it must be brought within one year after the buyer's discovery of the vice. LSA-C.C. art. 2546.
Defendants in reconvention, in their attempt to bring the reconventional demand within the Codal Articles on redhibition have cited Crowley Grain Drier, Inc. v. Fontenot, 132 So.2d 573 (La.App. 3d Cir. 1961), and rely on the following statement of the court:
"Ordinarily, as the defendants contend, the prescription applicable for damages caused by a breach of contract is not a one year prescription, but is rather the ten year prescription provided by LSA-Civil Code Article 3544. See American Heating & Plumbing Co. v. West End Country Club, 171 La. 482, 131 So. 466; Vicknair v. Rapides Parish School Board, La.App. 3 Cir., 128 So.2d 821. However, unlike damages for other contractual breaches, damages caused by a breach of the warranty in a contract of sale are regarded as founded upon redhibition and subject instead to the cited codal prescription of one year applicable to redhibitory actions. Rapides Grocery Co. v. Clopton, 171 La. 632, 131 So. 734; Walton v. Katz & Besthoff, Inc., La.App. Orl., 77 So.2d 563, certiorari denied.

*363 * * * * * *
"* * * The historical reason for application of this shorter prescription period for claims for damages arising out of breaches of sales contracts, as compared with that applicable to damages for breaches of other types of contracts, is the practical necessity to determine promptly and certainly whether the article sold did or did not have the vices claimed. See George v. Shreveport Cotton Oil Co., 114 La. 498, 38 So. 432." 132 So.2d at 577.
In that case as in this there was a reconventional demand for damages by the buyer against the seller who had sued on open account for seed rice sold. The plea of prescription of one year under LSA-C.C. arts. 2534 and 2546 was maintained and the reconventional demand dismissed. In that case, however, the court expressly found that there was a breach of warranty resulting from defects or vices in the seed rice sold. It found as a fact that the rice was "guaranteed" by the seller to have an 85 percent germination rating and that in fact its germination average was much lower because of the defects, which facts were evidenced by laboratory testing and by the failure of the seed to germinate properly when planted.
In that case the rice delivered was from the specific lot agreed upon. In this case the first several deliveries of diesel fuel were of the specified type, but, according to L & M's allegations (which for the purpose of the exceptions before us must be taken as true), the subsequent fuel deliveries were of another type. There was no allegation that it was defective or contained vices, but rather that a different product was delivered. In the Crowley Grain Drier case, supra, the seller did what it contracted to do, namely to deliver 240 bags of seed rice from Lot 825. In the instant case the seller did not, according to the buyer's allegations, deliver that for which the parties contracted. Thus plaintiffs in reconvention have clearly alleged a breach of contract.
The issue of defect or vice was injected into the case by third party defendants and Victory in their pleadings and brief, and, in so doing, apparently they have obscured the real issue presented by L & M's pleadings. The fuel delivered may have been perfectly good fuel, but a different one from that required by the contract. If a dealer contracts to sell kerosene for heating but delivers instead gasoline and damage results, it is not because the gasoline was defective but because it is a different product from that specified. In such a case the injured party may have a right of action in tort based upon the seller's negligence, and would be vulnerable to the prescription of one year. But this right of action does not exclude all other rights of action which the factual circumstances might sustain. L & M's reconventional demand, based squarely on a breach of contract, cannot be converted into an action in redhibition or tort by the subtle pleadings of the defendants in reconvention.
It does not matter that the seller's breach of the contract and delivery of the wrong commodity may have been caused by its negligence, giving rise to an action in tort. The Supreme Court in American Heating & Plumbing Co. v. West End Country Club, 171 La. 482, 490, 491, 131 So. 466, 469 (1930), said:
"The plaintiff sued on a contract and defendant reconvened for damages on the ground that the work was so negligently and improperly performed as to constitute a breach of that contract.
"The rule is well settled that a party to a contract may have a money demand against the other party to a contract and may sue either on the tort or upon the contract at his option or election. Liles v. Barnhart, 152 La. 419, 93 So. 490, and authorities there cited.

*364 "The character of the action determines the prescription applicable thereto. If the action is purely one in tort, then it is prescribed by one year. If the action is predicated on a breach of the contract, then it is only prescribed by ten years."
See also Edward Levy Metals, Inc. v. New Orleans Pub. Belt R. R., 243 La. 860, 148 So.2d 580 (1963); Johnson v. Kennedy, 235 La. 212, 103 So.2d 93 (1958); Brooks v. Robinson, 163 So.2d 186 (La.App. 4th Cir. 1964); Davis v. Le Blanc, 149 So.2d 252 (La.App. 3d Cir. 1963); Yeargain v. Blum, 144 So.2d 756, 1 A.L.R.3d 909 (La. App. 4th Cir. 1962); Merrimack Mut. Fire Ins. Co. v. Radalec, Inc., 126 So.2d 848 (La.App. 2d Cir. 1961); Wilson v. Scurlock Oil Co., 126 So.2d 429 (La.App. 2d Cir. 1960); Spencer v. West, 126 So.2d 423, 97 A.L.R.2d 1224 (La.App. 2d Cir. 1960).
In Edward Levy Metals, Inc. v. New Orleans Pub. Belt R. R., supra, and Loew's Inc. v. Don George, Inc., 237 La. 132, 110 So.2d 553 (1959), our Supreme Court restated the rule that the character of action as revealed by the pleadings determines the prescriptive period to be applied. Here the reconventional demand is squarely based on an allegation of breach of contract and the seller has admitted in its answer that a contract to sell petroleum products did exist.
We do not mean to be understood that we are applying the "theory of the case" doctrine which has been rejected by our procedural laws, particularly LSA-C.C.P. art. 2164. The defendants, by their pleadings, have injected the false issue of redhibition or tort in an attempt to bring the action within a one year prescriptive period. We hold that the real issue raised by the petition in reconvention is one of damages arising out of an alleged breach of contract. We therefore hold that the prescription applicable to actions for damages arising out of breach of contract, LSA-C.C. art. 3544, is applicable here. Since the reconventional demand has not prescribed under LSA-C.C. art. 3544, the plaintiffs in reconvention are entitled to their day in court to be heard on the merits of their petition.
The judgment maintaining the exceptions of prescription and dismissing the reconventional demand of Louis Perret and Marion Perret, doing business as L & M Transportation Company, as against Victory Oil Company, Inc., defendant in reconvention, and Tenneco Oil Company and Bay Petroleum Corporation, third party defendants, is reversed and the case remanded for trial on the merits according to law. Costs of this appeal are assessed to appellees; all further costs to be assessed in accordance with final judgment.
Reversed and remanded.