461 So.2d 591 (1984)
Andre SHARPE, his wife Linda F. Sharpe, Sears, Roebuck & Company and Allstate Insurance Company
v.
CLAIBORNE ENTERPRISES, INC., d/b/a the Claiborne Hill Tire Center and The Maryland Casualty Company.
No. 83-CA-1341.
Court of Appeal of Louisiana, First Circuit.
December 28, 1984.
Writ Denied February 15, 1985.
Andrew Hamlin, Metairie, for Maryland Cas. Co., defendant, appellee.
Robert O. Homes, Gulfport, Miss., for plaintiffs, appellants.
C.T. Williams, Jr., Metairie, for Claiborne Hill, third party plaintiff.
*592 Ivan D. Warner, III and Kenneth C. Hughes, New Orleans, for third party defendants, Appliance Industries, Inc.
Richard S. Vale, Metairie, for Claiborne Hill.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
EDWARDS, Judge.
From a judgment sustaining the defendants' peremptory exception of prescription, plaintiffs appeal. We affirm.
Sometime in 1972, Claiborne Enterprises, Inc., (Claiborne), d/b/a The Claiborne Hill Tire Center in Covington, Louisiana, sold to Andre Sharpe four mag wheels and mounted them on to his 1971 Ford truck. Four years later, in the summer of 1976, before leaving for a trip to Disney World in Florida, Mr. Sharpe had a local Sears Automotive Store rotate the tires. On the return trip home, on or about June 4, 1976, Mrs. Sharpe, who was driving, lost control of the truck when the left rear wheel fell off as she approached the Escambia Bay bridge a few miles west of Milton, Florida. The truck turned over several times. Mr. and Mrs. Sharpe sustained serious injuries.
In 1977, the Sharpes filed suit in federal district court against Sears, Roebuck & Company and its insurer, Allstate Insurance Company, for the alleged negligent rotation of the tires. On the first day of the trial, however, the Sharpes settled with Sears and Allstate for an undisclosed amount. Then, on June 20, 1980, with Sears and Allstate joining as subrogees for the settlement amount, the Sharpes filed this suit against Claiborne and its insurer, Maryland Casualty Company, for Claiborne's alleged negligent installation of the four mag wheels back in 1972.
After filing an answer denying liability, Claiborne filed a third party demand against Sears and Allstate and also against Appliance Industries, Inc., the manufacturer of the mag wheels. Appliance filed a peremptory exception of prescription against Claiborne, and Claiborne and Maryland each filed one against the plaintiffs, on the ground that plaintiffs' suit, filed more than a year after the accident, had prescribed. A trial judge temporarily sitting in for the district judge referred the exception to the merits. When the district judge returned, Claiborne filed a second exception. After a hearing, the district judge rendered judgment maintaining the exception and dismissing plaintiffs' suit. From this judgment, plaintiffs appeal.
The issue is whether plaintiffs' action is subject to a one year or a ten year prescriptive period.
Actions for damages caused by the breach or negligent execution of construction or installation contracts, in which the principal obligation is one to do or not to do, prescribe in ten years. LSA-C.C. art. 3499 (former art. 3544 before its amendment by Acts 1983, No. 753, § 1, effective January 1, 1984); Kegler's, Inc. v. Levy, 239 So.2d 450 (La.App. 4th Cir.), cert. denied 256 La. 1150, 241 So.2d 253 (1970); Yeargain v. Blum, 144 So.2d 756 (La.App. 4th Cir.1962). Actions for damages caused by delictual conduct or by redhibitory defects in things sold prescribe in one year. LSA-C.C. arts. 3492 (former art. 3536 before its amendment in 1983) and 2534. Moreover, the character of the action determines the applicable prescriptive period. American Heating & Plumbing Co. v. West End Country Club, 171 La. 482, 131 So. 466, 469 (1930). Since the record does not contain a transcript of the hearing on the exception, the character of the action must be determined from an examination of the pleadings.
In their petition, plaintiffs allege that "Andre Sharpe, purchased four `Appliance Mag Wheels' from defendant, Claiborne Enterprises, Inc., at its Covington store and said defendant installed the magwheels on the plaintiffs' vehicle in an improper and dangerous manner including but not limited to failing to remove the steel keepers from the lug studs of the two rear wheels on said vehicle at the time of the installation." They further allege that "the above described accident was caused solely and proximately by the breach of contract and *593 a breach of warranty of fitness by the defendant, Claiborne Enterprises, Inc., by virtue of the improper installation of the mag wheels as described above." Plaintiffs contend that these allegations characterize the 1972 transaction as both a contract of sale and a contract to install four mag wheels. Accordingly, the failure to remove the steel keepers constituted a negligent breach of the installation agreement, giving rise to a breach of contract claim for personal injury damages.
Defendants, on the other hand, contend that, besides their alleged delictual liability, any contractual liability they have is governed by the sales articles on redhibition because the principal obligation of the contract was that of sale.
In every case which we have reviewed involving the characterization of sales and service contracts (and the cases are legion beginning with Hunt v. Suares, 9 La. 434 (1836), whether the issue involved ownership, risk of loss, or damages for negligent breach or execution of the contract), regardless of whether plaintiff also had a claim in tort, the principal obligation of the contract determined its characterization. E.g., American Heating & Plumbing, 131 So. 466; Peak v. Cantey, 302 So.2d 335 (La.App. 1st Cir.1974); Tiger Well Services v. Kimball Production Co., 343 So.2d 1153 (La.App. 3d Cir.1977); Jefferson Parish School Board v. Rowley Co., Inc., 305 So.2d 658 (La.App. 4th Cir.1974); Transportation Equipment Co., v. Younger Bros., 34 So.2d 347 (Orl.App.1948); cf. FMC Corp. v. Continental Grain Co., 355 So.2d 953 (La.App. 4th Cir.1977) (where the court did not characterize the contract, but said in dicta that if it had, it would have characterized it as a contract of sale because the obligations to give and to do were inseparable).
We are not convinced by the allegations of plaintiffs' petition that Claiborne entered into an installation contract with Mr. Sharpe. The principal obligation of the contract was the sale of the mag wheels. The fact that Claiborne undertook to install them on the truck incidental to the sale does not change the transaction from that of a sales contract to an installation contract. "The mere fact that an obligor may be involved in the installation and delivery of the equipment will not change the characterization of the obligation from that of a sales contract and therefore the rules governing a sale will control." Tidewater, Inc. v. Baldwin-Lima Hamilton Corporation, 410 So.2d 355, 357 (La.App. 4th Cir. 1982).
In Rey v. Cuccia, 298 So.2d 840 (La. 1974), the supreme court held that the improper installation of a trailer hitch in connection with the sale of a trailer constituted a defect in the trailer, entitling plaintiff to a redhibitory action. Since the principal obligation of the contract in this case is the sale of the mag wheels, under Rey v. Cuccia the improper installation of these wheels incidental to the sale is a redhibitory defect. Therefore, plaintiffs' action is best characterized as an action in redhibition, subject to a one year prescriptive period, and not an action for breach of an installation contract. Accordingly, the trial judge correctly held that plaintiffs' suit had prescribed.
For the foregoing reasons, the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.