| | | |
|---|---|---|
| **DARRELL H. CRANE** | * | **NO. 2019-CA-0426** |
| **VERSUS** | * | **COURT OF APPEAL** |
| **EVANSTON INSURANCE COMPANY, ET AL.** | * | **FOURTH CIRCUIT** |
| | * | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2017-06615, DIVISION "M"
Honorable Paulette R. Irons, Judge
\* \* \* \* \* \*
**Judge Regina Bartholomew-Woods**
\* \* \* \* \* \*

(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins, Judge Regina Bartholomew-Woods)

Hobart O. Pardue, Jr.
LAW OFFICE OF HOBART PARDUE, LLC
P.O. Box 369
Springfield, LA 70462

      COUNSEL FOR PLAINTIFF/APPELLANT

Gustave A. Fritchie, III
McDonald G. Provosty
IRWIN FRITCHIE URQUHART & MOORE, LLC
400 Poydras Street
Suite 2700
New Orleans, LA 70130

Sidney J. Angelle
Eric B.  Berger
LOBMAN CARNAHAN BATT ANGELLE AND NADER
400 Poydras Street
Suite 2300
New Orleans, LA 70130

      COUNSEL FOR DEFENDANTS/APPELLEES

           **AFFIRMED**
           **OCTOBER 16, 2019**

Darrell Crane (hereinafter "Appellant") appeals the January 4, 2019 judgment of the Orleans Parish Civil District Court granting the peremptory exception of peremption filed by the law firm Herman, Herman & Katz, L.L.C. (hereinafter "HHK"), and joined by Alterra Excess and Surplus Insurance Company (hereinafter "Alterra") as well as Prosight – Syndicate 1110 at Lloyd's (hereinafter "Prosight") (hereinafter collectively "Appellees"). For the reasons that follow, we affirm the judgment of the district court.

## FACTS AND PROCEDURAL BACKGROUND

Appellant retained the services of HHK as a result of an alleged police dog bite he suffered on August 18, 2014, when the Livingston Police Department (hereinafter "the LPD") arrested him. HHK, however, did not file its suit in federal district court on behalf of Appellant until August 19, 2015, one day after the prescriptive period of one year had elapsed. HHK anticipated that the LPD would move to dismiss, and met with Appellant to prepare an affidavit attesting to the fact that he did not become aware of the extent of his injuries until the day after he was

1

bitten. The LPD did indeed move to dismiss, and succeeded in the district court on February 23, 2016. HHK recommended Appellant appeal the judgment, which he did. The U.S. Fifth Circuit Court of Appeals affirmed the dismissal on July 11, 2016. Appellant filed a suit for damages against HHK on July 10, 2017, and later amended to add Alterra and Prosight on September 15, 2017. Therein, Appellant alleged general and special damages resulting from HHK's failure to timely file his suit against the LPD.

HHK filed a peremptory exception of peremption on August 20, 2018, which Alterra and Prosight joined on August 29, 2018. Therein, HHK argued Appellant's damages suit was untimely. Included with the exception was an affidavit from Donald Mau, an associate handling Appellant's case against the LPD, stating he "disclosed to [Appellant] that the LPD would likely argue that [his] lawsuit was filed too late[.]" Also included was an affidavit from Soren Gisleson, a member of HHK, stating that, after the district court dismissed the case, he "recommended that an appeal be taken" but also that he "directly stated that in [his] professional opinion there was a strong likelihood that the [appellate court] would affirm" the dismissal.

Appellant filed an opposition to the exception on October 2, 2018. The opposition contained no supporting exhibits or affidavits. Instead, the opposition simply argued that a reasonable man in Appellant's position would not have been aware of his cause of action until July 11, 2016, when the appellate court affirmed the dismissal. The district court set the matter for hearing on October 18, 2018, but

2

on October 17, 2018, Appellant's counsel requested a continuance due to an emergency, and HHK consented thereto. The court reset the hearing for December 6, 2018. On November 13, 2018, Appellant filed a motion for Partial Summary Judgment, arguing that HHK had fraudulently lead Appellant to believe he had a viable claim against LPD despite knowing his claim had prescribed. Appellant moved to have his motion heard on the same date that Appellees were to argue their exception, but Appellees objected due to Appellant's failure to follow the timing rules set forth in La.C.C.P. art. 966. The hearing on the exception proceeded as scheduled on December 6, 2018, and the court sustained the exception. A judgment was signed on January 4, 2019. The court denied a subsequent motion for new trial on February 21, 2019.

## ANALYSIS

We begin with La.R.S. 9:5605(A), which provides:

> No action for damages against any attorney at law duly admitted to practice in this state, any partnership of such attorneys at law, or any professional corporation, company, organization, association, enterprise, or other commercial business or professional combination authorized by the laws of this state to engage in the practice of law, whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide legal services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered; however, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

According to Appellees, the alleged act of legal malpractice occurred on August 18, 2015, when HHK failed to timely file Appellant's suit against LPD. In

response, Appellee notes an exception provided in the La.R.S. 9:5605(E), which states that "[t]he peremptive period provided in Subsection A of this Section shall not apply in cases of fraud, as defined in Civil Code Article 1953."[1] However, the district court did not specifically address the issue of fraud at the hearing on the exception based upon the timing of Appellant's filing of his motion for partial summary judgment – that is, less than thirty days before the hearing on the exception.[2] Instead, Appellant filed a timely opposition to the exception, arguing that a reasonable man in his position would not have "discovered" his legal malpractice claim until July 11, 2016, when the U.S. Fifth Circuit Court of Appeals affirmed the district court's dismissal. Appellant did not argue fraud in the timely-filed opposition, which notably failed to include any supporting affidavits or exhibits. It was not until Appellant filed his motion for summary judgment that fraud was raised for the first time.

This Court, in *Miralda v. Gonzalez*, 2014-0888, pp. 21-22 (La.App. 4 Cir. 2/4/15), 160 So.3d 998, 1011–12, identified several factors that the courts should consider in evaluating the reasonableness of a plaintiff's actions in bringing a suit timely under La.R.S. 9:5605(A), to wit: statements of the client reflecting dissatisfaction with or suspicions of his or her attorney's performance, and whether the client investigated as a result; whether the client hired other counsel; and the issuance of an adverse ruling. The Court further noted that "'[t]he law does not require that a plaintiff be informed of possible malpractice by an attorney ... before

[1] "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." La.C.C. art. 1953.

[2] Pursuant to La.C.C.P. art. 966(C)(1)(a), "[u]nless otherwise agreed to by all of the parties and the court . . . [a] contradictory hearing on the motion for summary judgment shall be set not less than thirty days after the filing and not less than thirty days prior to the trial date."

4

prescription begins to run.'" *Id.* at 1014 (quoting *Davidson v. Glenwood Resolution Auth., Inc.,* 47,640, p. 11 (La.App. 2 Cir. 1/23/13), 108 So.3d 345, 352).

At the time of the *Miralda* decision, the jurisprudence provided that "post-malpractice, fraudulent concealment does not constitute fraud as contemplated by the fraud exception codified in La. R.S. 9:5605(E)." *Id.* at 1015. However, the Louisiana Supreme Court overruled this jurisprudentially created rule – one adopted by most of our state courts of appeal – in *Lomont v. Bennett*, 2014-2483, p. 10 (La. 6/30/15), 172 So.3d 620, 628, holding that an analysis of whether post-malpractice concealment constitutes fraud should be analyzed on a case-by-case basis. Again, in the instant matter, the district court never reached a full-blown analysis of the merits of Appellant's claim of fraud, based upon the procedural posture of the case. Further, Appellant never specifically pled fraud as required by La. C.C.P. art. 856.[3] He failed to raise fraud in his opposition to the exception, and thereafter attempted to shoehorn his fraud argument into the hearing on the exception by an untimely-filed motion for summary judgment. Thus, following the basic guidance provided in *Miralda*, we are bound to find that Appellant became aware – or should have been aware – of his cause of action no later than the date on which his suit was dismissed by the district court, February 23, 2016. The facts of this case suggest an even earlier date may be appropriate, given the affidavits of HHK's attorneys.

---

[3] Louisiana Code of Civil Procedure article 934 provides that the court "shall order" amendment of the petition if amendment may remove the grounds of objection. Appellant at no time has argued he should have been provided an opportunity to amend his petition to specifically plead fraud per La.C.C.P. art. 934. In any event, this Court has held that despite the article's use of "shall," the article is also qualified by the word "may," and that "[t]his qualification gives some discretion to the trial judge and that part of the article upon which plaintiff relies is not, therefore, absolutely mandatory." *Tripod Boats, Inc. v. George Engine Co.*, 170 So.2d 238, 240 (La.App. 4 Cir. 1964).

We do recognize that a reasonableness analysis in this case is closely tied to Appellant's claim of fraud. Indeed, Appellant makes a similar argument to that made in *Lomont*, which the Louisiana Supreme Court found meritorious:

> This court has held that the "date of discovery" from which prescription/peremption begins to run is the "date on which a reasonable man in the position of the plaintiff has, or should have, either actual or constructive knowledge of the damage, the delict, and the relationship between them sufficient to indicate to a reasonable person he is the victim of a tort and to state a cause of action against the defendant." *Jenkins,* 85 So.3d at 621–22 (citing *Teague v. St. Paul Fire and Marine Ins. Co.,* 07–1384 (La.2/1/08), 974 So.2d 1266, 1275). Although Ms. Lomont became aware of the Citibank lien on December 9, 2010, the record establishes Ms. Myer–Bennett effectively hid her malpractice by convincing Ms. Lomont the problem could be fixed and she was working to remove the lien. Thus, although aware of an undesirable result arising out of Ms. Myer–Bennett's representation, Ms. Lomont did not recognize the result was due to malpractice and could not be "fixed" by Ms. Myer–Bennett. We also find it reasonable that Ms. Lomont, a lay person with a long personal relationship with Ms. Myer–Bennett, was lulled into trusting Ms. Myer–Bennett's assertions. Ms. Lomont asserted she did not discover the fraud until she met with Ms. Kesler on June 28, 2012, when she first learned the lawsuits had not been filed and could not remove the lien, and that she had a claim against Ms. Myer–Bennett for malpractice. Ms. Lomont's assertions are buttressed by the fact she filed a legal malpractice lawsuit against Ms. Myer–Bennett only two weeks after meeting with Ms. Kesler, contrary to Ms. Myer–Bennett's claims that Ms. Lomont did not want to pursue such an action against her.
>
> Thus, we find the one-year prescriptive period began to run on June 28, 2012, the day Ms. Lomont became aware of the deception and learned she had a malpractice action against Ms. Myer–Bennett. Because Ms. Lomont's lawsuit was filed July 12, 2012, within one year of June 28, 2012, her suit was timely filed and the lower courts erred in sustaining defendant's exception of peremption.

*Lomont*, 172 So.3d at 638–39. However, despite the similarity, any argument that Appellant could make that the result of *Lomont* should apply here would be defeated by his failure to dispute the affidavits of HHK's attorneys stating that they advised him of the likely dismissal in the district court and likely affirmation in the appellate court.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED**